# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 3, 2021

Lyle W. Cayce
Clerk

No. 20-30138

UNITED STATES OF AMERICA,

*Plaintiff—Appellant*,

*versus*

JONATHAN WINTERS,

*Defendant—Appellee*.

Appeal from the United States  District Court
for the Western District of Louisiana
USDC No. 6:09-CR-64

Before BARKSDALE, SOUTHWICK, and GRAVES, *Circuit Judges*.

LESLIE H. SOUTHWICK, *Circuit Judge*:

Jonathan Winters was convicted in 2010 for a dual-object conspiracy involving both crack cocaine and powder cocaine.  He sought a reduction of his 233-month sentence under the First Step Act of 2018, which permits district courts to apply the Fair Sentencing Act of 2010 retroactively to sentences for certain crack-cocaine offenses.  The district court reduced his sentence, and the Government appealed.  We AFFIRM the district court's decision to reduce his sentence.

No. 20-30138

## FACTUAL AND PROCEDURAL BACKGROUND

We divide our background section into three parts: the background of Winters' conviction and sentence, the statutory frameworks of the Fair Sentencing Act and the First Step Act, and the procedural background of Winters' effort to obtain First Step Act relief.

### I.    *Winters' conviction and sentencing*

In March 2009, a grand jury charged Winters with, among other crimes, conspiracy to possess with intent to distribute 50 grams or more of crack cocaine and 5 kilograms or more of powder cocaine.  *See* 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(ii)–(iii).   Under a written agreement, Winters pled guilty to the dual-object conspiracy charge.

The appropriate sentence for Winters' conspiracy turned on the interplay of three different statutory provisions.  The relevant conspiracy statute provides that a person convicted for conspiracy "shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the . . . conspiracy."  *Id.* § 846.  Winters' dual-object conspiracy implicated one penalty provision for the crack-cocaine object and another for the powder-cocaine object. At the time of his offense and sentencing, a statutory mandatory-minimum sentence of 10 years' imprisonment applied to possession with intent to distribute 50 grams or more of crack cocaine.  *Id.* § 841(b)(1)(A)(iii) (2006).  Possession with intent to distribute 5 kilograms or more of powder cocaine also had a 10-year mandatory-minimum sentence.  *Id.* § 841(b)(1)(A)(ii) (2006).   Working together, these three provisions mandated a statutory range of ten years to life imprisonment.  *Id.* §§ 846, 841(b)(1)(A)(ii)–(iii) (2006).

The Presentence Report found Winters accountable for 1,368.55 grams of crack cocaine, 304.5 kilograms of powder cocaine, and 5 pounds of

marijuana.[1]  Winters faced a Guidelines range of 324 to 405 months.  The district court sentenced him to 360 months' imprisonment and 5 years of supervised release.  Winters filed a direct appeal but voluntarily dismissed it.

Winters' 360-month sentence had already been twice reduced prior to his seeking a reduction under the First Step Act.  In 2011, the district court reduced his sentence to 288 months in response to a motion made by the Government under Federal Rule of Criminal Procedure 35(b).  Then, in 2017, it reduced his sentence to 233 months following a retroactive change to the Sentencing Guidelines.  This appeal concerns the third reduction.

## II.    *The Fair Sentencing Act and the First Step Act*

Two statutory enactments are relevant to this appeal.  First, just two months after Winters was sentenced, Congress enacted the Fair Sentencing Act, which modified the statutory penalties for certain crack-cocaine offenses.  *See* Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2(a), 124 Stat. 2372, 2372 (2010).  Among other changes, that enactment "increased the drug amounts triggering mandatory minimums for crack trafficking offenses." *Dorsey v. United States*, 567 U.S. 260, 269 (2012).  It amended 21 U.S.C. § 841(b)(1)(A)(iii) to increase the quantity required to trigger the 10-year mandatory minimum from 50 grams to 280 grams.  Fair Sentencing Act § 2(a)(1).  It also amended 21 U.S.C. § 841(b)(1)(B)(iii) to increase the quantity required to trigger the 5-year mandatory minimum from 5 grams to 28 grams.  Fair Sentencing Act § 2(a)(2).  The Fair Sentencing Act

---

[1] The record on appeal does not contain the transcript of Winters' sentencing hearing.  It does contain a document titled "Minutes of Court – Sentencing."  That document indicates that, before announcing Winters' sentence, the district court "considered the guideline range," the sentencing factors set forth in 18 U.S.C. § 3553, and "all otherwise relevant sentencing considerations."  It is not clear whether the district court made any specific drug-quantity findings.

No. 20-30138

drastically reduced disparities in punishments between crack-cocaine and powder-cocaine offenses. *Dorsey*, 567 U.S. at 269.[2] The Act alone did not help Winters, though, because it did not apply retroactively. *United States v. Jackson*, 945 F.3d 315, 318 (5th Cir. 2019).

Second, Congress in 2018 enacted the First Step Act. Among other effects, it made the Fair Sentencing Act's modifications of the statutory penalties for crack-cocaine offenses apply retroactively. First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018). In summary, the First Step Act provides that if the motion for a sentence reduction identifies a "covered offense" under Section 404(a), the district court has authority under Section 404(b) to impose a reduced sentence "as if" the penalties as amended by Sections 2 and 3 of the Fair Sentencing Act were in effect. A district court, though, may not grant a First Step Act motion if either of Section 404(c)'s limitations apply.

The specific language of the First Step Act is this:

> (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010.

---

[2] Before the Fair Sentencing Act, the statutory penalties as provided by the 1986 Drug Act "treated crack cocaine crimes as far more serious." *Dorsey*, 567 U.S. at 266. The 10-year mandatory minimum for crack cocaine would apply to just 50 grams, but the same penalty for powder cocaine required 5,000 grams. *Id.* Likewise, the 5-year mandatory minimum for crack cocaine would apply to as little as 5 grams, while the same penalty for powder cocaine required 500 grams. *Id.* The Fair Sentencing Act reduced the 100:1 crack-to-powder ratio to 18:1. *Id.* at 269. For more discussion of the background of the Fair Sentencing Act, see *United States v. Wirsing*, 943 F.3d 175 (4th Cir. 2019).

No. 20-30138

(b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

(c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits.  Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

*Id.*  In this appeal, we must determine whether Winters' dual-object conspiracy is a "covered offense" under Section 404(a) and whether the district court had statutory authority to reduce Winters' sentence under Section 404(b).

## III.   *Winters' effort to obtain relief under the First Step Act*

For First Step Act matters, the United States District Court for the Western District of Louisiana entered an administrative order authorizing the Federal Public Defender to represent defendants who had previously been determined to have been entitled to appointed counsel.  The order also authorized the United States Probation Office ("USPO") to determine which defendants were eligible for First Step Act relief.  The USPO determined that Winters was ineligible for relief because the First Step Act did not apply to the powder-cocaine object of his conspiracy, and his

5

statutory range of ten years to life was not changed by the Fair Sentencing Act.

Represented by the Federal Public Defender, Winters objected to this determination of ineligibility and moved for a reduction of his sentence. He asserted eligibility for a discretionary reduction because the statutory penalties for the crack-cocaine object of his conspiracy were modified by the Fair Sentencing Act. *See* Fair Sentencing Act § 2(a)(1) (amending 21 U.S.C. § 841(b)(1)(A)(iii)). He argued that it was irrelevant that his offense also involved powder cocaine. He then requested a reduction to time served based on the factors set forth in 18 U.S.C. § 3553(a).

The Government opposed Winters' request on all fronts. First, it argued that Winters' dual-object conspiracy is not a "covered offense" because the powder-cocaine object independently triggered the ten-to-life statutory sentencing range. To the Government, that his range was unaffected rendered him ineligible for relief. Second, it argued that, even if eligible, the court should deny the request for a sentence reduction under its discretion to do so.

The district court granted Winters' motion for a sentence reduction. It held that the dual-object conspiracy is a "covered offense" making Winters, "as a threshold matter, eligible for relief under the First Step Act." The court observed that "the language of the First Step Act, on its face, does not limit eligibility to defendants whose convictions solely involved cocaine base," *i.e.*, crack cocaine. Because the statutory penalties for the crack-cocaine object of his conspiracy were modified by Section 2 of the Fair Sentencing Act, it was a "covered offense."[3] Finding relief to be warranted

---

[3] The district court expressed reservations about reading the First Step Act in a way that would allow the Government to control whether offenses are "covered" by strategically charging defendants with dual-object conspiracies. It stated that "[t]he

No. 20-30138

under the factors set forth in 18 U.S.C. § 3553(a), the court exercised its discretion to reduce Winters' sentence from 233 months' imprisonment to 180 months, and from 5 years of supervised release to 4 years.

The Government appealed, arguing only that Winters is ineligible for a reduction.[4] We review a district court's determination of First Step Act eligibility *de novo* to the extent it turns on any questions of statutory interpretation. *Jackson*, 945 F.3d at 319. Statutory interpretation questions are the only ones presented in this appeal.

## DISCUSSION

Our analysis of whether Winters is eligible for First Step Act relief proceeds in two parts. First, we consider whether Winters' dual-object conspiracy involving crack cocaine and powder cocaine is a "covered offense" under Section 404(a). Second, we analyze the district court's authority to reduce Winters' sentence.

When interpreting a statute, we start with the text. *United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir. 2019). The Act defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010." First Step Act § 404(a). If a movant presents a "covered offense," then the district court is authorized to

---

government could have charged Winters with two counts of violating 21 U.S.C. §§ 841 and 846 — *i.e.*, one count of conspiring to distribute powder cocaine and one count of conspiring to distribute cocaine base — but it did not." Quoting another district court opinion, *United States v. Luna*, 436 F. Supp. 3d 478, 482 (D. Conn. 2020), the court observed that "[t]he availability of First Step Act relief cannot be so fickle."

[4] The Government conceded that it does not argue on appeal that, if Winters is eligible for a reduction, the district court abused its discretion.

"impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." *Id.* § 404(b).

If a movant was convicted of a "covered offense" under Section 404(a) and Section 404(c)'s specific limitations do not apply, then a movant is *eligible* for relief under Section 404(b) of the Act. Eligibility for resentencing does not equate to entitlement, though. *Jackson*, 945 F.3d at 321. District courts have "broad discretion" to decide whether to reduce an eligible movant's sentence. *Id.* One reason is the text of Section 404(b), which provides that a court "may" impose a reduced sentence for an eligible movant. A clearer reason is that Section 404(c) states that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." We now turn to the two interpretive questions before us.

I.      *Is Winters' dual-object conspiracy a covered offense?*

Winters' conspiracy involved both crack *and* powder cocaine. The statutory penalties for the crack-cocaine object were modified by the Fair Sentencing Act, but the penalties for the powder-cocaine object were not.

A covered offense is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010." First Step Act § 404(a). The issue of "whether a defendant has a 'covered offense' under section 404(a) depends only on the statute under which he was convicted." *Jackson*, 945 F.3d at 320. The inquiry does not turn on the *facts* specific to the defendant's offense; if a movant "was convicted of violating a *statute* whose penalties were modified by the Fair Sentencing Act, then he meets that aspect of a 'covered offense.'" *Id.*

Winters' statute of conviction is 21 U.S.C. § 846, which incorporated the statutory penalties for two different drug-trafficking crimes, 21 U.S.C.

§ 841(b)(1)(A)(iii) (crack cocaine) and 21 U.S.C. § 841(b)(1)(A)(ii) (powder cocaine). Before the Fair Sentencing Act, each object had a mandatory statutory range of ten years to life imprisonment. 21 U.S.C. § 841(b)(1)(A)(ii)–(iii) (2006). Then, the Fair Sentencing Act amended Section 841(b)(1)(A)(iii) and increased the quantity of crack cocaine required for the ten-year mandatory-minimum penalty to apply. *See* Fair Sentencing Act § 2(a)(1). The Fair Sentencing Act modified the statutory penalties, as required by Section 404(a) of the First Step Act, for the crack-cocaine offenses in Section 841(b)(1). *See Jackson*, 945 F.3d at 320.

The statutory penalties for the crack-cocaine object of Winters' dual-object conspiracy were modified by Section 2(a)(1) of the Fair Sentencing Act. To us, that means Winters "was convicted of violating a *statute* whose penalties were modified by the Fair Sentencing Act." *Id.* Further, his conspiracy lasted from 1991 to 2006, meaning the offense "was committed before August 3, 2010." First Step Act § 404(a). Winters' dual-object conspiracy is therefore a "covered offense."

The Government's arguments include that Winters' conspiracy is not a "covered offense" because he would have faced the same statutory sentencing range (ten years to life) had he been sentenced under the Fair Sentencing Act. Although the Fair Sentencing Act in fact had no effect on Winters' overall statutory sentencing range, the First Step Act refers to modifications of the prescribed penalties under a federal statute. In the case of a multi-object offense, the argument that eligibility requires that there be a change in the statutory range resulting from considering all objects of the conspiracy is adding language to what Congress stated in simple terms. The district court's decision to reduce Winters' sentence is an indication that the reduction of the minimum sentence for only one of the objects of a conspiracy can lead district judges to revise a sentence downward. We consider that opportunity to be exactly what Congress was providing.

The Government also contends that our holding Winters' conspiracy to be a "covered offense" would grant him a windfall unavailable to defendants charged and sentenced today. We see no windfall. Someone like Winters receives consideration for a new sentence under the same conditions as would a newly convicted defendant for the same multi-object conspiracy. Winters' eligibility did not entitle him to a sentence lower than his original one, only to consideration for one.

Finally, the Government argues that holding Winters' conspiracy to be a "covered offense" would lead to absurd results. The Government says it would be absurd to conclude that defendants sentenced solely for powder-cocaine offenses are not eligible while concluding that Winters *is* eligible because his "more serious offense" *also* involved crack cocaine. We do not see an absurdity. To the contrary, the possibility follows the text of the Fair Sentencing Act and of the First Step Act. Eligibility extends exclusively to offenses involving crack cocaine, but eligibility is not limited to offenses involving exclusively crack cocaine.

In conclusion, the straightforward, unforced interpretation of the statutory text is that if Section 2 or 3 of the Fair Sentencing Act modified the statutory penalties for at least one object of a multi-object conspiracy, "the statutory penalties" for that conspiracy offense "were modified by" the Fair Sentencing Act, and the conspiracy satisfies Section 404(a) of the First Step Act. This remains true regardless of whether the modified penalty supplies the mandatory minimum that is actually imposed. The "statutory penalties" have to be considered modified when any statutory penalty for one of the offenses included in a count of conviction has been changed.

This part of the First Step Act should not be made more demanding than its wording allows. A modification of the penalty for one of the counts of conviction — including the penalty, as here, for one of the statutory objects

of a conspiracy — is enough to satisfy Section 404(a). Whether the interplay of statutory minima of the modified and other, unmodified statutes relevant to the conviction actually changes the sentencing range is relevant, but only at the later merits stage. Indeed, the Government's arguments identify reasons why a district court might not exercise discretion to modify a sentence. They are not relevant arguments at the eligibility stage.

Other circuits have considered this issue and reached competing results. The Fourth Circuit held that a dual-object conspiracy to distribute both crack cocaine and powder cocaine is a "covered offense." *United States v. Gravatt*, 953 F.3d 258, 264 (4th Cir. 2020). Like Winters' original 360-month sentence, Gravatt's original 292-month sentence was well above the statutory floor of 120 months. *Id.* at 261. The court saw "nothing in the text of the Act requiring that a defendant be convicted of a single violation of a federal criminal statute whose penalties were modified by . . . the Fair Sentencing Act." *Id.* at 264. Further, the court reasoned that, while Congress provided two express limitations in Section 404(c), the Government's proposed limitation (that the Act did not apply when a covered offense was combined with a non-covered offense) was not among them. *Id.* Concluding that the movant was otherwise eligible for First Step Act relief, the Fourth Circuit vacated the district court's decision denying relief and remanded for the district court to review the motion on the merits. *Id.*

The Eleventh Circuit reached the same conclusion. *See United States v. Taylor*, 982 F.3d 1295 (11th Cir. 2020). It held that "the First Step Act's definition of 'covered offense' covers a multidrug conspiracy offense that includes *both* a crack-cocaine element *and* another drug-quantity element." *Id.* at 1300. In that circuit, an offense is covered if it "triggered a statutory penalty that has since been modified by the Fair Sentencing Act." *United States v. Jones*, 962 F.3d 1290, 1298 (11th Cir. 2020). For multi-object

conspiracies, the *Taylor* court explained that the offense "include[s] *all* the penalties triggered by every drug-quantity element of the offense, not just the highest tier of penalties triggered by any one drug-quantity element." *Taylor*, 982 F.3d at 1300. Rejecting the same argument the Government makes in this case, the court concluded that a dual-object conspiracy involving a crack-cocaine object modified by the Fair Sentencing Act is covered "even if the movant ultimately would be subject to the same statutory sentencing range as a consequence of another drug-quantity element of the offense." *Id.* at 1301. The *Taylor* court ultimately held that the movant was eligible for First Step Act relief and should be afforded "the opportunity to make his case for a reduction in his sentence." *Id.*

The Second Circuit, though, reached the opposite conclusion in an unpublished opinion. *See United States v. Lott*, 830 F. App'x 366 (2d Cir. 2020). In that case, the movant was convicted of a triple-object conspiracy involving crack cocaine, powder cocaine, and marijuana, and his statutory range was 20 years to life. *Id.* at 366. The Fair Sentencing Act modified the crack-cocaine object of the movant's offense but did not affect his overall statutory range. *Id.* The *Lott* court held that the conspiracy was not covered because "[t]he statutory penalty range for someone convicted of [his] offense before the Fair Sentencing Act is the same range that would apply to someone convicted of that offense after the Fair Sentencing Act." *Id.* According to the Second Circuit, this meant that the statutory penalties for his offense "were [not] modified" by the Fair Sentencing Act as required by Section 404(a). *Id.* (alteration in original).

In our view, the Fourth and Eleventh Circuit decisions are consistent with the text of the First Step Act. Nothing in Section 404(a) suggests that eligibility turns on whether the movant would face a different statutory range if sentenced today. As the Eleventh Circuit reasoned, "[b]y conditioning eligibility on the movant's offense, rather than on his actual conduct or the

applicable sentencing range, the First Step Act casts a wide net at the eligibility stage." *Taylor*, 982 F.3d at 1300. We will not restrict eligibility based on an extra-textual limitation. In the next section, though, we will discuss the requirement that the existing sentence for which a reduction is sought be greater than the relevant statutory minimum, else there is no possibility of a lower sentence. Our only point here is that we see no reason under the statutory text to place that consideration within Section 404(a).

In summary, Winters' dual-object conspiracy under 21 U.S.C. § 846 incorporates and invokes the statutory penalties for both the crack-cocaine object and the powder-cocaine object. The statutory penalties for the crack-cocaine object were modified by Section 2 of the Fair Sentencing Act. *See* Fair Sentencing Act § 2(a)(1) (amending 21 U.S.C. § 841(b)(1)(A)(iii)). As a result, his conspiracy is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 . . . of the Fair Sentencing Act." First Step Act § 404(a). Because it was committed before August 3, 2010, it is a "covered offense" under Section 404(a).

II.     *Did the district court have statutory authority under Section 404(b) to reduce Winters' sentence?*

"It is clear that the First Step Act grants a district judge limited authority to consider reducing a sentence previously imposed." *Hegwood*, 934 F.3d at 418. If a movant presents a "covered offense," then Section 404(b) permits the court to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." First Step Act § 404(b). The court therefore may "plac[e] itself in the time frame of the original sentencing, altering the relevant legal landscape only by the changes mandated by the 2010 Fair Sentencing Act." *Hegwood*, 934 F.3d at 418.

A district court lacks authority to reduce a sentence that is already at the statutory floor.  Section 404(b) does not provide discretion for resentencing if the movant's current sentence is the statutory minimum penalty under the Fair Sentencing Act.  A sentence shorter than the statutory minimum could not be imposed "as if" the Fair Sentencing Act was in effect.

This reading of Section 404(b) is consistent with the Eleventh Circuit's decisions in *Taylor* and *Jones*.  In *Taylor*, the court explained that "a movant who was sentenced to the lowest statutory penalty available to him under the Fair Sentencing Act cannot receive any further reduction in his sentence under the First Step Act."  982 F.3d at 1301–02.  The *Jones* court similarly explained that, "[i]f the movant's sentence would have necessarily remained the same had the Fair Sentencing Act been in effect, then the district court lacks the authority to reduce the movant's sentence."  962 F.3d at 1303.

In *Taylor*, the "as if" clause in Section 404(b) did not "forbid" a reduction because that movant's sentence was for a term longer than the statutory minimum.  *Taylor*, 982 F.3d at 1302.  By contrast, in each of the three cases where other circuits have determined that the district court lacked statutory authority to reduce the movant's sentence because of the "as if" clause, the movant's sentence was already at the statutory floor.  *See United States v. Echeverry*, 978 F.3d 857, 859–60 (2d Cir. 2020); *Jones*, 962 F.3d at 1304; *United States v. Johnson*, 830 F. App'x 772, 773 (7th Cir. 2020).

In this case, Winters' statutory minimum under the Fair Sentencing Act is ten years' imprisonment.  *See* 21 U.S.C. § 841(b)(1)(A)(ii).  He was originally sentenced to a term of 30 years.  Having already received two reductions, Winters' sentence at the time he requested First Step Act relief was 233 months, still more than 9 years longer than the statutory minimum.  The district court therefore had statutory authority to reduce Winters'

sentence "as if" the Fair Sentencing Act was in effect. That the district court reduced his sentence to 180 months, still 5 years longer than the statutory minimum, confirms that his sentence was reduced "as if" the Fair Sentencing Act was in effect.

The district court correctly determined that Winters' dual-object conspiracy involving crack cocaine and powder cocaine is a "covered offense" under Section 404(a) of the First Step Act. The court had statutory authority under Section 404(b) to reduce his sentence from 233 months to 180 months. Finally, neither of Section 404(c)'s limitations apply. Winters is therefore eligible for relief under the First Step Act. The district court's decision to reduce Winters' sentence is AFFIRMED.