FILED
United States Court of Appeals
Tenth Circuit

March 23, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ROBERTO BARRIO,

    Defendant - Appellant.

No. 20-6032
(D.C. No. 5:00-CR-00025-R-2)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **McHUGH**, and **CARSON**, Circuit Judges.
_____

Roberto Barrio is serving a life sentence on a count of possessing with intent to

distribute 50 grams of crack cocaine and five kilograms of cocaine powder. He filed a

pro se motion in the district court for a sentence reduction under the First Step Act of

2018, Pub. L. No. 115-391, 132 Stat. 5194 ("First Step Act"). Barrio argued he is

entitled to a sentence reduction based on statutory amendments to mandatory minimum

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

sentences for crack cocaine offenses. The district court denied the motion. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. BACKGROUND

### A. Statutory Background

Congress enacted the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 ("Fair Sentencing Act"), in response to criticism of the disparity between Congress's treatment of mandatory sentencing minimums for crack cocaine offenses compared to powder cocaine offenses. *Dorsey v. United States*, 567 U.S. 260, 268 (2012). In the Anti-Drug Abuse Act of 1986, Congress set the crack-to-powder mandatory minimum ratio at 100-to-1, a ratio later deemed unjustified by the Sentencing Commission and others in the law enforcement community. *Dorsey*, 567 U.S. at 266–68. The Fair Sentencing Act reduced the ratio to 18-to-1. *Id.* at 269. As relevant to this case, § 2 of the Fair Sentencing Act increased the amount triggering a mandatory life sentence from 50 grams of crack cocaine to 280 grams. This change was not made retroactive.

Eight years later, however, the First Step Act directed that the crack cocaine amendments may be applied retroactively to sentences imposed before the enactment of the Fair Sentencing Act. *See* First Step Act, § 404. Section 404(a) of the First Step Act defines a "covered offense" to mean a violation of a federal criminal statute committed before the enactment of the Fair Sentencing Act and for which the statutory penalties were modified by section 2 or 3 of the Fair Sentencing Act. If a defendant received a sentence for a "covered offense," § 404(b) then authorizes the district court to reduce a sentence "as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at

2

the time the covered offense was committed." Finally, § 404(c) indicates that any such reduction is within the district court's sound discretion: "Nothing shall be construed to require a court to reduce any sentence pursuant to this section."

## B. District Court Proceedings

In July 2000, a jury convicted Barrio of one count of conspiracy to possess with intent to distribute powder cocaine and crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1).[1] The verdict form contained special interrogatories in which the jury specifically found the conspiracy involved more than 50 grams of crack cocaine and more than five kilograms of powder cocaine. Based on those findings and because Barrio had three prior felony drug convictions, the then-existing version of § 841(b)(1)(A) required the district court to impose a life sentence. Barrio's conviction and sentence were affirmed in an unpublished opinion. *United States v. Barrio*, 41 F. App'x 169 (10th Cir. 2002).

In February 2019, Barrio filed a motion seeking a sentence reduction under the First Step Act. The district court denied the motion, and Barrio filed a timely notice of appeal.[2] The district court authorized him to proceed on appeal in forma pauperis.

---

[1] Barrio was also convicted of four counts of interstate travel in aid of racketeering, 18 U.S.C. § 1952(a)(3), and two counts of use of a telephone to facilitate the distribution of cocaine, 21 U.S.C. § 843, for which he was sentenced to 60 months and 48 months, respectively. Those two sentences ran concurrently with the life sentence, and Barrio does not challenge their validity in this appeal.

[2] Barrio also filed a separate motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), which authorizes the district court to reduce a term of imprisonment for

3

## II. DISCUSSION

Barrio argues the district court erred in denying his motion for a sentence reduction. "Because the [First Step Act] gives the district court broad discretion to grant or deny [a motion for sentence reduction], we review the district court's decision only for an abuse of discretion." *United States v. Mannie*, 971 F.3d 1145, 1155 (10th Cir. 2020). We hold the district court did not abuse its discretion in denying Barrio's motion.

The district court correctly held that Barrio's conspiracy violation was a "covered offense" within the meaning of § 404(a) of the First Step Act. First, the penalties for such a violation, and in particular the mandatory life sentence for a violation involving more than 50 grams of crack cocaine, were modified by § 2 of the Fair Sentencing Act. Second, Barrio committed the violation several years before the enactment of the Fair Sentencing Act. Under the plain terms of § 404(a), Barrio's conviction qualifies as a "covered offense." *See Mannie*, 971 F.3d at 1152 ("As to an offender's eligibility to move for relief, the [First Step Act] has minimal requirements.").

But whether a particular violation constitutes a "covered offense" is not the end of the inquiry. Instead, if a defendant presents a "covered offense," that "only means that his motion is entitled to be considered on the merits." *United States v. Gravatt*, 953 F.3d 258, 262 (4th Cir. 2020); *see also, e.g., United States v. Winters*, 986 F.3d 942, 947 (5th Cir. 2021) (if a movant was convicted of a "covered offense" he is eligible for relief but not entitled to it); *United States v. Shaw*, 957 F.3d 734, 736 (7th Cir. 2020) (same);

"extraordinary and compelling reasons." The district court denied the motion because Barrio failed to exhaust his administrative remedies. He did not appeal that ruling.

4

*United States v. Holloway*, 956 F.3d 660, 666 (2d Cir. 2020) (same). This is because "[n]othing" in the First Step Act "shall be construed to require a court to reduce any sentence." First Step Act, § 404(c).

Here, the district court determined that although Barrio's conspiracy violation was a "covered offense," he was not entitled to relief on the merits. The Fair Sentencing Act raised the threshold for a mandatory life sentence for crack cocaine offenses from 50 grams to 280 grams. *See* Fair Sentencing Act, § 2; 21 U.S.C. § 841(b)(1)(A)(iii) (2011). Section 404(b) of the First Step Act later made this change retroactive. Barrio's motion relied on the fact that under the now-retroactive provisions of the Fair Sentencing Act, the jury's finding that the conspiracy involved 50 grams of crack cocaine would not have triggered a mandatory life sentence.

Section 404(b), however, applies only to convictions involving crack cocaine— leaving unaffected the mandatory minimum sentences for offenses involving cocaine powder. The jury specifically determined the conspiracy of which it found Barrio guilty involved more than five kilograms of cocaine powder. Under the then-existing statutes, *see* 21 U.S.C. § 841(b)(1)(A)(ii) (2000), the district court was required to impose a life sentence based on Barrio's prior felonies and his possession of five kilograms of cocaine powder. Because the jury's specific finding concerning cocaine powder provided a separate and independent basis for Barrio's life sentence, the district court denied Barrio's motion.[3] This conclusion was well within the district court's discretion.

---

[3] As the district court acknowledged, § 401(a)(2) of the First Step Act reduced the mandatory minimum for an offense involving five kilograms of cocaine powder from life

Barrio contends the district court's decision was erroneous.  In support, he cites the Fourth Circuit's decision in *United States v. Gravatt*, 953 F.3d 258.  Barrio's reliance on *Gravatt* is misplaced.  In that case, the issue on appeal was "narrow":  had the defendant presented a "covered offense" under § 404(a) of the First Step Act?  *Id.* at 262.  The district court determined the defendant's violation was not a "covered offense" because, like Barrio in this case, the object of the defendant's conspiracy involved 50 grams of crack cocaine *and* five kilograms of powder cocaine.  *See id.* at 264 ("we must decide whether Gravatt was convicted of a 'covered offense' where he was charged conjunctively with conspiring to distribute both powder cocaine and crack cocaine").  In reversing the district court, the Fourth Circuit observed:

> [W]e see nothing in the text of the [First Step] Act requiring that a defendant be convicted of a single violation of a federal criminal statute whose penalties were modified by section 2 or section 3 of the Fair Sentencing Act. . . .  If Congress intended for the Act not to apply if a covered offense was combined with an offense that is not covered, it could have included that language.

*Id.*  Accordingly, the Fourth Circuit held that the defendant had presented a "covered offense" and remanded for the district court to consider the defendant's motion on the merits.  *Id.*  Here, the district court correctly found Barrio's conspiracy violation to be a "covered offense," and went on to consider the motion on the merits.  This was perfectly consistent with the analysis in *Gravatt*.

---

to "not less than 25 years" for defendants who, like Barrio, had two or more prior convictions for a felony drug offense.  But Congress did not make this amendment retroactive.  Motions brought under § 404 of the First Step Act concern only the amendments to penalties for possession of crack cocaine.  Section 401(a)(2) affords no relief to Barrio.

6

### III. CONCLUSION

We affirm the district court's judgment for the foregoing reasons. We deny his renewed motion to proceed in forma pauperis as moot because the district court already authorized him to proceed on appeal in forma pauperis.

Entered for the Court


Joel M. Carson III
Circuit Judge

7