IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11955
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WARREN LAVELL JACKSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

Before WILLIAM PRYOR, Chief Judge, WILSON, MARTIN, JORDAN, ROSENBAUM, JILL PRYOR, NEWSOM, BRANCH, GRANT, LUCK, LAGOA, and BRASHER, Circuit Judges.

BY THE COURT:

A petition for rehearing having been filed and a member of this Court in active service having requested a poll on whether this appeal should be reheard by the Court sitting en banc, and a majority of the judges in active service on this Court having voted against granting rehearing en banc, it is ORDERED that this appeal will not be reheard en banc.

WILLIAM PRYOR, Chief Judge, joined by GRANT, Circuit Judge, respecting the denial of rehearing en banc:

A majority of the Court has voted not to rehear this appeal en banc. The panel resolved Warren Lavell Jackson's appeal in a consolidated decision that clarified the meaning of section 404 of the First Step Act of 2018. Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222; *United States v. Jones*, 962 F.3d 1290 (11th Cir. 2020). As the author of the panel opinion, I write to respond to my dissenting colleagues' arguments that the panel misread section 404(b).

Section 404(b) establishes the authority of a district court to "impose a reduced sentence" on a crack-cocaine trafficker. First Step Act § 404(b). The trafficker must have a covered offense as defined by section 404(a)—namely, a crack-cocaine offense for which section two or three of the Fair Sentencing Act of 2010 lowered the penalty. *Id.* § 404(a)–(b); Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2(a), 124 Stat. 2372, 2372; *Jones*, 962 F.3d at 1300. If he does, then the district court may reduce his sentence "as if" sections two and three were in effect when the trafficker committed that covered offense. First Step Act § 404(b).

As *Jones* explains, section 404(b) contains two implicit limits on the availability of relief. First, the district court may not grant a reduction if the trafficker already received the lowest statutory penalty that would be available to him under the Fair Sentencing Act. *Jones*, 962 F.3d at 1303. And second, "the

2

district court is bound by a previous finding of drug quantity that [was] used to determine the [trafficker's] statutory penalty at the time of sentencing." *Id.*

The dissent unpersuasively reads these limits out of section 404(b). In its view, section 404(b) gives a district court unfettered authority to reduce the sentence of a crack-cocaine trafficker so long as he was convicted of a covered offense. It asserts that the "as if" language "merely tells courts to take into account the Fair Sentencing Act when considering a [First Step Act] motion." Dissent at 14–15.

The dissent rejects the limits implied by section 404(b) because it commits three errors of statutory interpretation. First, it selectively fails to consider what the text fairly implies. Second, it neglects to read section 404 in the light of the statutory scheme. And third, it focuses on the general purpose of the First Step Act to the exclusion of its specific text.

The dissent selectively ignores our obligation to ask what the statutory text fairly implies. Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 16 (2012). On the dissent's reading, any limits on First Step Act relief must be explicit in the text of section 404. Dissent at 12–13. But the dissent does not apply its literalism to the benefits of First Step Act relief— without any textual basis, the dissent would broadly invite district courts to alter sentences not directly affected by the penalty ranges of the Fair Sentencing Act. *Cf.*

3

*id.* at 13 (speculating about how penalty ranges might "influence charging, pleading, and sentencing" for traffickers who do not "automatically" benefit from the new penalty ranges (emphasis omitted)).

The dissent's crabbed reading of the limits in section 404 leads it to overlook the logical consequence of the "as if" language in that provision. Before a district court can "impose a reduced sentence" on a trafficker "as if" the penalty ranges of the Fair Sentencing Act were in effect, First Step Act § 404(b), it must ask whether a lower sentence is available under the Fair Sentencing Act. After all, as our sister circuit explains, "[t]he First Step Act permits a district court to reduce a sentence *only* to the extent that the sentence could have been lower" under the Fair Sentencing Act. *United States v. Echeverry*, 978 F.3d 857, 859 (2d Cir. 2020) (emphasis added). If a trafficker was sentenced to the minimum penalty based on a drug quantity for which the Fair Sentencing Act left the statutory penalty unchanged, then there is no sentence reduction for the district court to give. The district court lacks the authority to reduce a sentence that "would have necessarily remained the same had the Fair Sentencing Act been in effect." *Jones*, 962 F.3d at 1303.

Meanwhile, the dissent's capacious reading of the benefits of section 404 reflects a second error: the dissent fails to read section 404 in the light of the statutory scheme governing sentence modifications. "It is a fundamental canon of

4

statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme." *Davis v. Mich. Dep't of Treasury*, 489 U.S. 803, 809 (1989). Here, the statutory scheme is narrow. After a term of imprisonment has been imposed, the district court may reduce it based on a statutory change only to the extent "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B); *see Jones*, 962 F.3d at 1297.

The dissent's reading of section 404 turns the clear-statement rule of section 3582(c)(1)(B) on its head. That provision requires us to ask what section 404 expressly permits, but the dissent would read section 404 to allow any relief that the provision does not explicitly *prohibit*. *See* Dissent at 13–15.

Section 404(b) unambiguously directs a district court to consider only one variable in the sentencing calculus: the modified statutory penalty. Nothing in the text states or suggests that the district court may change other variables too, like the specific quantity of crack cocaine attributed to the trafficker for determining his statutory penalty. *See United States v. Moore*, 975 F.3d 84, 92 (2d Cir. 2020). Because section 404(b) does not expressly grant a district court the authority to reevaluate the drug-quantity element, "the district court is bound by [its] previous finding of drug quantity," *Jones*, 962 F.3d at 1303, in the same way that it is bound by its previous finding of drug type.

5

Taken together, the dissent's errors point to a third problem: it elevates the general purpose of the First Step Act over the specific text of the statute. True, Congress enacted section 404 to address the disparity in penalties between crack- and powder-cocaine offenses. Dissent at 14. But no statute "pursues its purpose at all costs." Scalia & Garner, *Reading Law* § 2, at 57. So we must give due regard to "what a [statute] chooses *not* to do." *Id.* Section 404 allows a district court to proceed "as if" the penalty ranges of the Fair Sentencing Act "were in effect at the time the covered offense was committed," First Step Act § 404(b), but it does not say that the district court may proceed "as if" other factual or legal changes were in effect, *cf. United States v. Kelley*, 962 F.3d 470, 475 (9th Cir. 2020). Moreover, the Fair Sentencing Act did not change the penalties associated with every drug quantity; for some quantities, the Act left the old penalties intact. *Jones* gives effect to these legislative choices.

Because *Jones* is correct, this Court had no reason to reconsider *Jones* or its application to Warren Jackson en banc. "Correct decisions are never worthy of en banc review." *United States v. Matchett*, 837 F.3d 1118, 1129 (11th Cir. 2016) (W. Pryor, J., respecting the denial of rehearing en banc). And in any event, the dissent makes no effort to square its pursuit of en banc rehearing with the governing criteria for en banc worthiness. *See* Fed. R. App. P. 35(a).

6

The dissent's justifications for en banc review fail on their own terms. The dissent observes that several circuits have afforded sentence reductions to traffickers ineligible to receive relief under *Jones*. Dissent at 15 & n.4. But with one exception, *United States v. White*, 984 F.3d 76, 86–87 (D.C. Cir. 2020), those circuits have not considered the effect of the "as if" language in section 404(b). And aside from *White*, which commits the same mistakes as the dissent, the circuits that have considered the "as if" issue have adopted our reading in *Jones*, *United States v. Winters*, 986 F.3d 942, 951 (5th Cir. 2021), or cited it favorably, *Echeverry*, 978 F.3d at 859. The failure of other circuits to consider a dispositive textual issue does not give this Court license to overlook the issue as well.

Nor is it true that *Jones* disfavors crack-cocaine traffickers like Jackson who were sentenced before *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The dissent complains that pre-*Apprendi* traffickers are bound by judge-found drug quantities, while post-*Apprendi* traffickers receive the benefit of jury-found drug quantities. Dissent at 17–18. But this "discrepancy" is not the doing of the First Step Act, much less of *Jones*. It instead reflects the settled rule that neither *Apprendi* nor *Alleyne v. United States*, 570 U.S. 99 (2013), has retroactive effect, *Jeanty v. Warden, FCI–Miami*, 757 F.3d 1283, 1285 (11th Cir. 2014). Just as nothing in section 404 suggests that a district court may revisit a drug-quantity finding for a trafficker's statutory penalty, nothing in that provision suggests that the First Step

7

Act sought to give a subset of pre-*Apprendi* defendants a benefit that retroactivity doctrine denies. The First Step Act is not a vehicle to evade limits that the law elsewhere imposes.

MARTIN, Circuit Judge, joined by ROSENBAUM, Circuit Judge, dissenting from the denial of rehearing en banc:

I write in dissent because I believe the panel opinion in United States v. Jones, 962 F.3d 1290 (11th Cir. 2020), wrongly interprets § 404 of the First Step Act of 2018 in a way that does harm to Warren Lavell Jackson. [1]  The panel ruled that Mr. Jackson cannot get relief under the First Step Act because the quantity of drugs involved in his 1999 offense would have still triggered a mandatory minimum under the Fair Sentencing Act of 2010.  But the panel opinion attributes a drug amount to Mr. Jackson that was neither found by a jury nor charged in his indictment.  In so ruling, and despite saying it employs a textual analysis, the panel creates a limit on First Step Act relief found nowhere in the text of the statute.  The result is that Jones drastically curtails the reach of the First Step Act in our Circuit and creates a troubling disparity between defendants sentenced before and after Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000).  I therefore respectfully dissent from the denial of en banc rehearing.

Mr. Jackson was convicted of possession with intent to distribute more than 50 grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1).  Jones, 962 F.3d at 1295.  Based on the sentencing laws in effect in 2000, Mr. Jackson faced nothing

---

[1] Mr. Jackson's appeal was one of the four consolidated appeals decided by the Jones opinion. Jones, 962 F.3d at 1293.

less than a mandatory life sentence.  Id. at 1304.  After Mr. Jackson's life sentence

was imposed, the Fair Sentencing Act amended the penalties for crack cocaine

offenses, including the penalty applied to Jackson.  See Fair Sentencing Act of

2010, § 2(a), Pub. L. No. 111-220, 124 Stat. 2372, 2372 (2010).  Ultimately, § 404

of the First Step Act made these amendments retroactive by allowing defendants

sentenced before passage of the Fair Sentencing Act to seek a sentence reduction in

the district court.[2]  See First Step Act of 2018, Pub. L. No. 115-391, § 404, 132

Stat. 5194, 5222 (2018).  Based on this change in the law, and like many

defendants sentenced for crack cocaine offenses before enactment of the Fair

Sentencing Act, Mr. Jackson requested a sentence reduction under § 404 of the

First Step Act.  See Jones, 962 F.3d at 1295.

In Jones, our court held that Mr. Jackson could not be resentenced.  Id. at

1304.  Although the panel concluded Mr. Jackson had been convicted of a

"covered offense" under § 404(a) and was thus eligible for relief, it nonetheless

held that the District Court "lacks the authority" to reduce Jackson's sentence

---

[2] When Mr. Jackson was sentenced in 2000, the penalties for offenses involving crack cocaine
were far harsher than those for the same offenses involving powder cocaine.  To trigger certain
mandatory minimum sentences, an offense would have to involve 100 times more powder
cocaine than crack.  Jones, 962 F.3d at 1296.  In 2010, Congress enacted the Fair Sentencing
Act, which dramatically reduced the disparity between crack and powder cocaine offenders.  See
Dorsey v. United States, 567 U.S. 260, 269, 132 S. Ct. 2321, 2329 (2012).  But these changes
were not retroactive.  Jones, 962 F.3d at 1297.  In 2018, the First Step Act remedied this wrong
by authorizing district courts to resentence prisoners sentenced before the Fair Sentencing Act
was enacted.  See First Step Act § 404(b), 132 Stat. at 5222.

because his offense involved 287 grams of crack cocaine. Id. at 1302–04. The panel reached this conclusion by reasoning that Mr. Jackson's 1999 drug amount would have still triggered the same mandatory penalty under the Fair Sentencing Act. Id. at 1303–04. However, because Mr. Jackson was prosecuted before Apprendi made clear that drug quantity findings that increase a defendant's punishment must be made by a jury beyond a reasonable doubt, 530 U.S. at 490, 120 S. Ct. at 2362–63, the 287-gram quantity in Jackson's case was neither found by a jury nor charged in his indictment. Jones, 962 F.3d at 1295. Instead the sentencing court simply took the drug amount found in Mr. Jackson's Presentence Investigation Report ("PSR").

Jones's holding that the drug quantity taken from Mr. Jackson's PSR disentitles him to First Step Act relief has no basis in the text of that Act. I first set out the panel's reading. Then I explain why I believe this reading is in error and why I favor the approach taken by the vast majority of other circuit courts.

Jones interprets § 404(b)'s requirement that "[a]ny reduction must be 'as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed'" to impose two limitations on district courts' authority to resentence eligible defendants. 962 F.3d at 1303 (quoting First Step Act § 404(b), 132 Stat. at 5222). First, Jones holds that courts "lack[] the authority" to reduce a defendant's sentence if he "received the lowest statutory

11

penalty that also would be available to him under the Fair Sentencing Act." Id. And second, it holds that, in deciding whether a person got the "lowest statutory penalty," "the district court is bound by a previous finding of drug quantity that could have been used to determine the movant's statutory penalty at the time of sentencing." Id. (emphasis added).

In practice, these holdings mean that a district court must, after determining that it previously sentenced the defendant for a "covered offense," look to the "previous finding of drug quantity that could have been used . . . at the time of sentencing" and ask whether, based on that quantity, the defendant's sentence "would have necessarily remained the same" under the Fair Sentencing Act. Jones, 962 F.3d at 1303. Jones says that if the drug quantity would require the same penalty under the Fair Sentencing Act, then the court "lacks the authority" to reduce the defendant's sentence. Id. The practical result of this approach is that in our Circuit, for pre-Fair Sentencing Act defendants who received a mandatory minimum sentence, § 404 relief is available only if their drug quantities fell between the old and new threshold amounts. That is from five to 28 grams for an offense under 21 U.S.C. § 841(b)(1)(B)(iii) and 50 to 280 grams for an offense under 21 U.S.C. § 841(b)(1)(A)(iii).

Nothing in the text of the statute supports this limitation on who can receive First Step Act relief. To the contrary, the statute plainly permits discretionary

relief to a broad class of people serving sentences for crack cocaine offenses.

Section 404(b) is quite straightforward.  It says "[a] court that imposed a sentence

for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of

the Fair Sentencing Act . . . were in effect at the time the covered offense was

committed."  First Step Act § 404(b), 132 Stat. at 5222.  Having been convicted of

a "covered offense" is the only requirement § 404(b) imposes for who "may"

receive a new sentence.  This means § 404(b) permits courts to consider motions

for a sentence reduction for any defendant sentenced for "a covered offense."  Id.

The "as-if" clause merely tells courts to consider the impact of the Fair Sentencing

Act when exercising their authority to grant or deny relief.  And because penalty

ranges influence charging, pleading, and sentencing, the set of defendants whose

sentences would have been impacted by the Fair Sentencing Act is not limited to

those who would have automatically benefitted from its amendments.[3]  See United

States v. Davis, 961 F.3d 181, 192 (2d Cir. 2020) (rejecting the "assumption that

---

[3] Resentencings under the First Step Act do not require the sentencing court to "reevaluate the drug-quantity element."  Contra W. Pryor Statement at 5.  Courts in other circuits routinely conduct § 404 resentencings for defendants responsible for drug quantities above the Fair Sentencing Act's new penalty thresholds without revisiting the original quantity determinations.  See, e.g., United States v. Hill, 466 F. Supp. 3d 319, 323, 326–27 (N.D.N.Y. 2020) (reducing sentence of defendant responsible for 469 grams of crack cocaine, without revisiting the drug quantity determination, after considering the § 3553(a) factors); United States v. McDonald, No. 10-338(4) ADM/JSM, 2020 WL 7169520, at *4–5 (D. Minn. Dec. 7, 2020) (reducing sentence of defendant held responsible for between 840 grams and 2.8 kilograms of crack cocaine, without revisiting the drug quantity determination, after considering the sentences of his co-defendants and the § 3553(a) factors).

13

there is a knowable set of pre-Fair Sentencing Act defendants who would have received the same sentence regardless of the Fair Sentencing Act" because, had penalty ranges been different, defendants might not have been indicted or convicted for the same drug amounts).

This reading makes sense. Congress enacted the First Step Act as part of its effort to undo the harsh, racially disparate penalty differentials between sentences for crack- and powder-cocaine offenses. See Jones, 962 F.3d at 1296–97. To effectuate this remedial purpose and "ensure[] all potentially worthy defendants receive the Congressionally provided relief under both the Fair Sentencing Act and the First Step Act, [while] also ensur[ing] protection against unwarranted windfalls," Congress designed § 404 so judicial discretion does the heavy lifting. United States v. Boulding, 960 F.3d 774, 782 (6th Cir. 2020) (quotation marks omitted). Congress "tied eligibility [for resentencing] to the statute of conviction—but left sentencing judges with the discretion to deny resentencing because, among other reasons, the specific conduct of the original offense still warrants the originally imposed sentence." Id.

Jones somehow derives its prohibition on relief to defendants who had high drug quantities from § 404(b)'s instruction that district courts reduce sentences "as if sections 2 and 3 of the Fair Sentencing Act were in effect." 962 F.3d at 1303. But this language imposes no such prohibition. As I've noted, this "as if" language

14

of § 404(b) merely tells courts to take into account the Fair Sentencing Act when considering a defendant's motion. It says nothing about the court's authority to consider a defendant's motion in the first place. Neither does any other part of § 404 say that defendants cannot get relief on account of drug amounts. This limitation created by the Jones panel is not even found in § 404(c), entitled "Limitations," which sets forth two express limits (unrelated to drug quantity) on a district court's authority to resentence eligible defendants. See First Step Act § 404(c), 132 Stat. at 5222. The idea that courts can categorically deny relief due to defendant-specific drug quantities is simply not found in the statute. If Congress meant to exclude an entire class of defendants from First Step Act relief based on drug quantity, it would have said so.

In almost any other circuit, defendants like Mr. Jackson can have a district court consider their motions. The vast majority of circuits to consider the question have held that the availability of § 404 relief turns only on the statute of conviction.[4] Jones cannot be reconciled with these decisions. These courts have

---

[4] See, e.g., Davis, 961 F.3d at 183, 191–93 (concluding that offense involving 1.5 kilograms of crack cocaine was a "covered offense" and holding that defendant was eligible for resentencing and affirming District Court's grant of a reduced sentence); United States v. Jackson, 964 F.3d 197, 205 (3d Cir. 2020) ("It seems incongruent with the historical context of the First Step Act for Congress to have intended § 404 to apply only to the select pre-Fair Sentencing Act defendants whose quantities fell between the old and new threshold amounts . . . ."); United States v. Woodson, 962 F.3d 812, 817 (4th Cir. 2020) ("[E]ven defendants whose offenses remain within the same subsection after Section 2's amendments are eligible for relief, and modification of the range of drug weights to which the relevant subsection applies may have an

15

remanded for discretionary resentencings and even affirmed reductions of mandatory minimum sentences for defendants with quantities far above the Fair Sentencing Act's amended thresholds.  See, e.g., Boulding, 960 F.3d at 776 (remanding where offense involved 650.4 grams of crack cocaine); Davis, 961 F.3d at 183 (affirming reduction where offense involved 1.5 kilograms of crack cocaine).  District judges in our Circuit are now deprived of any ability to even consider resentencing these defendants.  Jones strips them of the authority to do so, despite the fact that its quantity-based limitation "has no basis in the text of section 404(b)."  White, 984 F.3d at 87.

Jones's erroneous reading of § 404 is especially harmful for defendants like Mr. Jackson who were sentenced before Apprendi and its progeny stopped the use

anchoring effect on their sentence."); Boulding, 960 F.3d at 776, 778 (holding that "eligibility for a reduced sentence under the First Step Act distils to whether [the defendant] was convicted of a 'covered offense'" and remanding for discretionary resentencing where defendant's offense involved 650.4 grams of crack cocaine); United States v. Shaw, 957 F.3d 734, 738–40, 743 (7th Cir. 2020) (holding that "the statute of conviction alone determines eligibility for First Step Act relief" and remanding where defendants' offenses involved drug quantities above the amended thresholds); United States v. McDonald, 944 F.3d 769, 772 (8th Cir. 2019) ("The First Step Act applies to offenses, not conduct, and it is McDonald's statute of conviction that determines his eligibility for relief." (citation omitted)); United States v. Goolsby, 806 F. App'x 502, 503–04 (8th Cir. 2020) (per curiam) (unpublished) (rejecting argument that defendant was ineligible for reduction because his offense involved 1.5 kilograms of cocaine base as "foreclosed by United States v. McDonald" and affirming reduction); United States v. White, 984 F.3d 76, 88 (D.C. Cir. 2020) ("[T]he court may not deem relief categorically unavailable due to defendant-specific drug quantities."); see also United States v. Bagby, 835 F. App'x 375, 378 (10th Cir. 2020) (unpublished) (noting that government abandoned argument that defendant was ineligible for relief based on drug quantity above the amended amount because "[e]very Court of Appeals to consider this argument has rejected it," and remanding for discretionary resentencing) (quotation marks omitted); but see United States v. Winters, 986 F.3d 942, 951 (5th Cir. 2021) (agreeing with Jones).

16

of judge-found facts to boost statutory penalties.[5]  In determining whether a

defendant has satisfied the "as if" requirement in § 404(b), <u>Jones</u> says courts are

"bound by a previous finding of drug quantity that <u>could have been used</u> to

determine the movant's statutory penalty at the time of sentencing."  962 F.3d at

1303 (emphasis added).  This sets up a disparity between pre- and post-<u>Apprendi</u>

defendants.  Before the Fair Sentencing Act, all that was needed to trigger the

higher penalties in §§ 841(b)(1)(B)(iii) or (A)(iii) was five or 50 grams of crack

cocaine, respectively.  This meant a defendant's PSR could attribute a large

quantity of crack to him, without any corresponding responsibility on the

government to prove that amount beyond a reasonable doubt.  Thus, in many pre-

Fair Sentencing Act cases, the PSR gives a drug quantity far higher than the

amount charged in the indictment, admitted in a plea, or found by a jury beyond a

reasonable doubt.

     Even so, under <u>Jones</u>, for defendants sentenced before <u>Apprendi</u>, the (often)

higher quantity found in their PSR is "a previous finding of drug quantity that

<u>could have been used</u> . . . at the time of sentencing."  <u>Jones</u>, 962 F.3d at 1303

(emphasis added).  So for these defendants, that higher quantity controls the

availability of § 404 relief.  For post-<u>Apprendi</u> defendants, in contrast, the only

---

[5] <u>See</u> <u>Apprendi</u>, 530 U.S. at 490, 120 S. Ct. at 2362–63 (holding that judge-found facts cannot increase statutory maximum); <u>Alleyne v. United States</u>, 570 U.S. 99, 114–16, 133 S. Ct. 2151, 2161–63 (2013) (holding that judge-found facts cannot increase the statutory minimum).

drug quantity that "could have been used . . . at the time of sentencing," id., is one found by a jury beyond a reasonable doubt. See Apprendi, 530 U.S. at 490, 120 S. Ct. at 2362–63; see also United States v. Russell, __ F.3d __, No. 19-12717, slip op. at 11 n.7 (11th Cir. 2021) (explaining this discrepancy). Any higher quantity in the PSR is irrelevant.[6]

The injustice of this discrepancy is apparent in our caselaw. Compare Mr. Jackson's case with the case of Bruce Hermitt Bell in United States v. Bell, 822 F. App'x 884 (11th Cir. 2020) (per curiam) (unpublished). Both Mr. Jackson and Mr. Bell were found guilty by a jury of offenses involving at least 50 grams of crack cocaine and subject to a mandatory minimum sentence of life imprisonment. Jones, 962 F.3d at 1295, 1304; Bell, 822 F. App'x at 885. Like in Mr. Jackson's case, Mr. Bell was held responsible for a higher quantity at sentencing—for Bell, 1.5 kilograms—based on a finding in his PSR. See Bell, 822 F. App'x at 885. Unlike in Mr. Jackson's case, however, the District Court found Mr. Bell eligible for a sentence reduction under § 404 of the First Step Act and reduced his sentence from life to a 30-year term of imprisonment. See id. at 886. Our court affirmed Mr. Bell's shortened sentence. Id. The only difference between Mr. Bell and Mr.

---

[6] The statement respecting the denial of en banc rehearing says this disparity results from the retroactivity doctrine. See W. Pryor Statement at 7. My argument today is not that Mr. Jackson's March 2000 sentence should be revisited on account of the Supreme Court's June 2000 decision in Apprendi. I say Mr. Jackson is entitled to be resentenced under the First Step Act passed in 2018. Nothing retroactive about that.

18

Jackson—other than Bell having been found responsible for a far higher drug quantity—is that Bell was sentenced after Apprendi. See id. at 885. And based on mere timing, the 1.5 kilogram finding was not a fact that "could have been used . . . at the time of sentencing." Jones, 962 F.3d at 1303. The random injustice of this result is clear. Although Mr. Bell was found responsible for a far greater quantity of crack cocaine than Mr. Jackson, the Jones opinion gives Bell relief while denying Jackson entirely.

* * *

The Jones decision prohibits an entire class of prisoners in Alabama, Florida, and Georgia from getting relief Congress meant for them to have. And relief would be available to them almost anywhere else in our country. The tortured interpretation of the First Step Act found in Jones has no grounding in the text or purpose of the statute.

I respectfully dissent from our court's decision not to rehear this case en banc.

19