# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 12, 2022

Lyle W. Cayce
Clerk

No. 22-10146
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RYAN KEITH FIELDS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:01-CR-127-1

Before ELROD, GRAVES, and HO, *Circuit Judges*.

PER CURIAM:*

Ryan Keith Fields, federal prisoner # 27957-177, is serving a 480-month term of imprisonment imposed in 2002 following his jury trial conviction for possession with intent to distribute more than 50 grams of a mixture and substance containing cocaine base, as well as sentences on other

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 22-10146

convictions. *See* 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii); 21 U.S.C. § 851. He moved for a sentence reduction under § 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222 (2018). The district court denied the motion, determining that Fields was ineligible because he had been sentenced under the Guidelines as a career offender. Fields challenges that determination on appeal and also moves for the appointment of counsel.

The district court's decision whether to reduce a sentence pursuant to the First Step Act is generally reviewed for abuse of discretion. *United States v. Jackson*, 945 F.3d 315, 319 & n.2 (5th Cir. 2019). To the extent the district court's determination turns on the meaning of a federal statute such as the First Step Act, including as to questions of eligibility, de novo review applies. *See United States v. Winters*, 986 F.3d 942, 947 (5th Cir. 2021).

Fields committed the relevant offense of conviction in 2001, prior to the effective date of the Fair Sentencing Act of 2010. *See United States v. Hegwood*, 934 F.3d 414, 416 (5th Cir. 2019), *abrogated by Concepcion v. United States*, No. 20-1650, 2022 WL 2295029 (U.S. June 27, 2022). His conviction under § 841(b)(1)(A)(iii) is a covered offense and he is therefore eligible for a sentence reduction as to that count under the First Step Act, and the district court erred in concluding otherwise. *See United States v. Stewart*, 964 F.3d 433, 436-39 (5th Cir. 2020); *Jackson*, 945 F.3d at 318-20.

His eligibility, however, is not tantamount to an entitlement to such relief. *See Jackson*, 945 F.3d at 321. The district court's order denying Fields's motion for a sentence reduction is therefore VACATED and REMANDED for the district court to determine, in its discretion, whether his sentence should be reduced. His motion for the appointment of counsel is DENIED without prejudice to refiling in the district court.