19-3620-cr
*United States v. Jordan*

# United States Court of Appeals
## for the Second Circuit

_____

August Term 2020

(Argued: March 12, 2021     Decided: August 4, 2021)

No. 19-3620-cr

_____

UNITED STATES OF AMERICA,

*Appellee,*

— v. —

JAMES REED, AKA FATS, BYRON COBB, AKA COBB, THEODORE HUFFMAN, JAMAR PAUL, AKA CROOK, CHRISTOPHER HUFF, SHELTRICE RHODES, CURTIS MOSS, NORMA THOMPSON,

*Defendants,*

MARTELL JORDAN, AKA TELLY,

*Defendant-Appellant.*

_____

Before:         LYNCH, BIANCO, *Circuit Judges*, HALPERN, *District Judge*.[*]

_____

[*] Judge Philip M. Halpern of the United States District Court for the Southern District of New York, sitting by designation.

Defendant-Appellant Martell Jordan appeals from the October 18, 2019 order of the United States District Court for the Western District of New York (Arcara, *J.*), denying his motion for a reduced sentence pursuant to Section 404 of the First Step Act of 2018. As relevant to this appeal, Jordan was convicted of a dual-object conspiracy in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A), in which he was found to have conspired to possess with intent to distribute, and to distribute, (a) 5 kilograms or more of powder cocaine and (b) 50 grams or more of cocaine base ("crack cocaine"). The principal issue on appeal is whether Jordan's multi-object conspiracy conviction, based upon both a crack cocaine object and a powder cocaine object, qualifies as a "covered offense" eligible for a sentence reduction under Section 404 of the First Step Act. In light of the statutory language in Section 404, we hold that Jordan's multi-object conspiracy conviction, with a crack cocaine object that included a drug-quantity element triggering the statutory penalties set forth in 21 U.S.C. § 841(b)(1)(A), qualifies as a "covered offense" eligible for a sentence reduction pursuant to the First Step Act.

Accordingly, we **VACATE** the order of the district court and **REMAND** the case for further proceedings consistent with this opinion.

JUDGE LYNCH concurs in a separate opinion.

TIFFANY H. LEE, Assistant United States Attorney, *for* James P. Kennedy, Jr., United States Attorney for the Western District of New York, Rochester, New York, *for Appellee*.

MARYBETH COVERT, Federal Public Defender's Office for the Western District of New York, Buffalo, New York, *for Defendant-Appellant*.

2

JOSEPH F. BIANCO, *Circuit Judge*:

Defendant-Appellant Martell Jordan appeals from the October 18, 2019 order of the United States District Court for the Western District of New York (Arcara, *J.*), denying his motion for a reduced sentence pursuant to Section 404 of the First Step Act of 2018. As relevant to this appeal, Jordan was convicted of a dual-object conspiracy in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A), in which he was found to have conspired to possess with intent to distribute, and to distribute, (a) 5 kilograms or more of powder cocaine and (b) 50 grams or more of cocaine base ("crack cocaine"). At the time of Jordan's sentencing, this conspiracy conviction, along with Jordan's prior conviction for a felony drug offense, subjected him to a statutory mandatory minimum sentence of 20 years' imprisonment. The district court sentenced Jordan to 300 months' imprisonment, which (following a retroactive amendment to the United States Sentencing Guidelines) it later reduced to 254 months—14 months above the statutory mandatory minimum for Jordan's dual-object conspiracy conviction.

Congress enacted the Fair Sentencing Act of 2010 to reduce the statutory penalties for certain offenses involving crack cocaine, which were disproportionately high when compared to sentences for offenses involving

powder cocaine. In particular, Section 2 of the Fair Sentencing Act increased the amount of crack cocaine necessary to trigger the statutory penalties provided in federal drug statute provisions 21 U.S.C. §§ 841(b)(1)(A) and 841(b)(1)(B). Then, in 2018, Congress enacted the First Step Act, which gave retroactive effect to the Fair Sentencing Act. Jordan thereafter filed a motion to reduce his sentence pursuant to the First Step Act, seeking retroactive application of the Fair Sentencing Act, arguing, *inter alia*, that his sentence on his dual-object conspiracy conviction was eligible for a sentence reduction. The district court denied Jordan's motion, concluding that he was not eligible for relief under the First Step Act because his dual-object conspiracy conviction was based not only on a crack cocaine object, but also on a powder cocaine object, which precluded his conviction from being classified as a "covered offense" under that Act.

As a result, the principal issue on appeal is whether Jordan's multi-object conspiracy conviction, based upon both a crack cocaine object and a powder cocaine object, qualifies as a "covered offense" eligible for a sentence reduction under Section 404 of the First Step Act. In light of the statutory language in Section 404, we hold that Jordan's multi-object conspiracy conviction, with a crack cocaine object that included a drug-quantity element triggering the statutory penalties set

4

forth in 21 U.S.C. § 841(b)(1)(A), qualifies as a "covered offense" eligible for a sentence reduction pursuant to the First Step Act. Accordingly, we VACATE the order of the district court and REMAND the case for further proceedings consistent with this opinion.

## BACKGROUND

On January 22, 2008, a grand jury returned a superseding indictment charging Jordan with, among other offenses, one count of conspiring to possess with intent to distribute, and to distribute, (a) 5 kilograms or more of powder cocaine and (b) 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). On April 22, 2008, a jury found Jordan guilty of this dual-object conspiracy count and three other counts.[1] At the time of Jordan's sentencing in 2009, the dual-object conspiracy conviction imposed a statutory mandatory minimum sentence of 10 years' imprisonment under 21 U.S.C. § 841(b)(1)(A). However, because Jordan had a prior conviction for a "felony drug

---

[1] The four counts of conviction were as follows: (1) Count One—conspiring to possess with intent to distribute, and to distribute, 5 kilograms or more of powder cocaine and 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A); (2) Count Two—possessing with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A); (3) Count Three—possessing in excess of 5 grams of crack cocaine, in violation of 21 U.S.C. § 844(a); and (4) Count Four—possessing a firearm in furtherance of drug trafficking crimes, in violation of 18 U.S.C. § 924(c)(1).

offense," he was subject to an increased mandatory minimum sentence of 20 years' imprisonment. 21 U.S.C. § 841(b)(1)(A) (2009). In addition, based on Jordan's offense conduct and his criminal history, the Sentencing Guidelines provided for an advisory Guidelines range of 235 to 293 months' imprisonment, which was adjusted to 240 to 293 months due to the 20-year statutory mandatory minimum sentence required for Jordan's dual-object conspiracy conviction. The district court sentenced Jordan to a total term of 300 months' imprisonment, 5 years above the mandatory minimum sentence for the dual-object conspiracy count, to be followed by a 10-year term of supervised release.[2]

The following year, Congress enacted the Fair Sentencing Act of 2010 in order "[t]o restore fairness to Federal cocaine sentencing." Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. As relevant to Jordan's sentence, Section 2 of the Act increased the amount of crack cocaine necessary to trigger the statutory penalties for certain crack cocaine offenses in 21 U.S.C. §§ 841(b)(1)(A) and 841(b)(1)(B). This change effectively reduced the penalties for those crack

---

[2] In connection with the total sentence, the district court sentenced Jordan to the following concurrent terms of imprisonment and supervised release: 300 months' imprisonment, to be followed by 10 years of supervised release, on Counts One and Two; 240 months' imprisonment, to be followed by 3 years of supervised release, on Count Three; and 60 months' imprisonment, to be followed by 3 years of supervised release, on Count Four.

cocaine offenses, and correspondingly reduced the substantial disparity between the penalties for such offenses and the penalties for federal drug offenses involving powder cocaine. *See* Fair Sentencing Act § 2, 124 Stat. at 2372 (increasing the amount of crack cocaine necessary to trigger the statutory penalties provided in 21 U.S.C. § 841(b)(1)(A)(iii) from 50 grams to 280 grams and the statutory penalties provided in 21 U.S.C. § 841(b)(1)(B)(iii) from 5 grams to 28 grams). However, the Fair Sentencing Act was not made retroactive to sentences imposed before its enactment, and, thus, Jordan was unable to benefit from Section 2 at the time of the Act's passage.

Section 8 of the Fair Sentencing Act also granted the United States Sentencing Commission emergency authorization to "promulgate the guidelines, policy statements, or amendments provided for in [the Fair Sentencing Act]" by making "conforming amendments to the Federal sentencing guidelines." Fair Sentencing Act § 8, 124 Stat. at 2374. Pursuant to this authority, the Sentencing Commission issued Amendment 782, which took effect in 2014 and amended the Drug Quantity Table in U.S.S.G. § 2D1.1 to reduce the offense levels associated with certain controlled-substance crimes, including those involving crack cocaine. *See* U.S.S.G., Supp. to App. C, Amend. 782. In contrast to the Fair Sentencing Act,

7

Amendment 782 was made retroactive. *See* U.S.S.G., Supp. to App. C, Amend. 788.

Following the passage of Amendment 782, on May 30, 2017, Jordan filed a *pro se* motion requesting a sentence reduction under 18 U.S.C. § 3582(c)(2). *See* 18 U.S.C. § 3582(c)(2) (providing that a court may modify a term of imprisonment if "a sentencing range . . . has subsequently been lowered by the Sentencing Commission . . . , if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."). On October 15, 2018, the district court granted Jordan's motion and reduced his sentence to 254 months' imprisonment, still 14 months above the mandatory minimum sentence applicable to Jordan's dual-object conspiracy conviction.

Later that year, Congress enacted the First Step Act of 2018, which, in relevant part, provides for retroactive application of the Fair Sentencing Act for any "covered offense" pursuant to Section 404. *See* First Step Act of 2018 § 404(a), Pub. L. No. 115-391, 132 Stat. 5222. Jordan then filed another *pro se* motion seeking to reduce his sentence, this time under the First Step Act and 18 U.S.C. § 3582(c)(1)(B), along with a counseled supplemental memorandum in support of his motion. *See* 18 U.S.C. § 3582(c)(1)(B) ("[T]he court may modify an imposed

8

term of imprisonment to the extent otherwise expressly permitted by statute.").

The government opposed the motion.

On October 18, 2019, the district court denied Jordan's motion. The district court observed that Jordan's dual-object conspiracy conviction in Count One involved both a crack cocaine object and a powder cocaine object, and that the powder cocaine object alone could subject Jordan to the statutory penalties that he received without considering the new statutory penalties associated with the crack cocaine object. The district court thus reasoned that the dual-object conspiracy was not a "covered offense" as contemplated by the First Step Act. As a result, the district court concluded that Jordan was not entitled to relief under the First Step Act, as the Fair Sentencing Act could not be applied retroactively to reduce Jordan's sentence on his non-covered, dual-object conspiracy offense.[3]

This appeal followed. The government initially submitted a brief in which it argued, as it did in the district court, that Jordan's dual-object conspiracy conviction was not a "covered offense" under the First Step Act. However,

---

[3] Although the district court did not analyze whether Counts Two and Three (also involving crack cocaine offenses) were "covered offenses" under the First Step Act, those questions were rendered moot by the fact that the district court had determined that Jordan was not eligible for a sentence reduction on Count One and had previously imposed the sentences on Counts Two and Three to run concurrently to the 254-month sentence on Count One. In other words, a sentence reduction only on Counts Two and Three could not affect the overall 254-month sentence without a reduction on Count One.

following oral argument, the government submitted a supplemental brief in which

it advised the Court that it had changed its position and now agreed with Jordan.

In particular, the government explained:

> Although the government had previously argued otherwise, it has since reexamined its position and determined, in light of the emerging consensus in published decisions of the courts of appeals and the United States Supreme Court's recent decision in *Terry v. United States*, 141 S. Ct. 1858 (2021), that a conspiracy to traffic crack cocaine in violation of 21 U.S.C. § 841(b)(1)(A)(iii) is a covered offense even if another object of the conspiracy triggered the same statutory penalty range. Because Jordan was sentenced for a covered offense, the district court was authorized—but not required—to reduce his sentence "as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." First Step Act § 404(b). This Court should remand for the district court to determine whether a sentence reduction is appropriate.

Gov't Suppl. Br. at 1.

## DISCUSSION

Section 404 of the First Step Act provides that "[a] court that imposed a

sentence for a *covered offense* may . . . impose a reduced sentence as if sections 2 and

3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense

was committed." First Step Act § 404(b), 132 Stat. at 5222 (emphasis added).

Section 404 defines "covered offense" as a "violation of a Federal criminal statute,

the statutory penalties for which were modified by section 2 or 3 of the Fair

Sentencing Act of 2010." First Step Act § 404(a), 132 Stat. at 5222. Jordan argues on appeal that the district court legally erred in holding that his multi-object conspiracy conviction was not a "covered offense" under Section 404 and in concluding that his sentence on that conviction was therefore not eligible for a sentence reduction under the First Step Act. To resolve this issue, we ask whether Jordan's multi-object conspiracy conviction constituted a "violation of a Federal criminal statute, the statutory penalties for which were modified by Section 2 or 3 of the Fair Sentencing Act." First Step Act § 404(a), 132 Stat. at 5222. We review this question of statutory interpretation *de novo*. *United States v. Johnson*, 961 F.3d 178, 186 (2d Cir. 2020).

As set forth below, we hold that a sentence arising from a multi-object conspiracy conviction involving a crack cocaine object, with a statutory penalty provision under 21 U.S.C. § 841(b)(1)(A)(iii) or 21 U.S.C. § 841(b)(1)(B)(iii), is a "covered offense" under Section 404 that is eligible for a sentencing reduction, even when the other objects of the conspiracy (involving different controlled substances) triggered statutory penalties that were not modified and thus the applicable minimum and maximum penalties for the conspiracy offense remain unchanged. In doing so, we join every other circuit to have addressed this issue,

11

each one reaching this same conclusion. *See United States v. Spencer*, 998 F.3d 843 (8th Cir. 2021); *United States v. Winters*, 986 F.3d 942, 948 (5th Cir. 2021); *United States v. Taylor*, 982 F.3d 1295, 1301 (11th Cir. 2020); *United States v. Gravatt*, 953 F.3d 258 (4th Cir. 2020).

Jordan was convicted by a jury of a multi-object conspiracy—specifically, of conspiring to possess with intent to distribute, and to distribute, both 50 grams or more of crack cocaine and 5 kilograms or more of powder cocaine, in violation of federal criminal statute 21 U.S.C. § 846. The statutory penalty for his conspiracy offense is determined by utilizing the penalties that would apply to the commission of the objectives of the conspiracy. *See* 21 U.S.C. § 846 ("Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."). Therefore, the statutory penalty for Jordan's multi-object conspiracy offense is set forth in 21 U.S.C. § 841 (providing the penalties for, among other violations, the "manufactur[ing], distribut[ing], or dispens[ing], or possess[ing] with intent to manufacture, distribute, or dispense, a controlled substance," including crack cocaine and powder cocaine).

As relevant here, Section 2 of the Fair Sentencing Act adjusted the statutory penalties for 21 U.S.C. § 841 by raising the quantity thresholds of crack cocaine necessary to trigger the statutory penalties provided in 21 U.S.C. § 841(b)(1)(A)(iii) from 50 grams to 280 grams, and the statutory penalties provided in 21 U.S.C. § 841(b)(1)(B)(iii) from 5 grams to 28 grams. Fair Sentencing Act § 2, 124 Stat. at 2372. Conversely, the Fair Sentencing Act did not change the quantity thresholds of powder cocaine necessary to trigger the statutory penalties provided in 21 U.S.C. § 841(b). *See id.*

Thus, it stands to follow that had Jordan been convicted for a conspiracy under 21 U.S.C. § 846 involving only crack cocaine, that conspiracy offense would qualify as a "covered offense" and would be eligible for a sentence reduction under the First Step Act because the statutory penalties associated with that offense were plainly "modified" by Section 2 of the Fair Sentencing Act. It is also clear and undisputed that had Jordan been convicted of a conspiracy under 21 U.S.C. § 846 involving just powder cocaine, that conspiracy offense would not qualify as a "covered offense" and would be ineligible for a sentence reduction under the First Step Act because the statutory penalties associated with that offense were not "modified" by Section 2 of the Fair Sentencing Act. Less clear,

13

however, are the circumstances presented here—that is, how Section 404 applies to Jordan's multi-object conspiracy offense, because it is based upon both an object involving crack cocaine (which is covered when charged as a separate offense) and an object involving powder cocaine (which is not covered when charged as a separate offense).

In *United States v. Johnson*, 961 F.3d 181 (2d Cir. 2020), we analyzed and interpreted the statutory language in Section 404. As noted above, Section 404 of the First Step Act limits eligibility for a sentence reduction to a "covered offense" and defines that term as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act." First Step Act § 404(a), 132 Stat. at 5222. In *Johnson*, we employed various tools of statutory interpretation, including a "combination of the 'nearest reasonable referent' canon and the 'anti-surplusage' canon," to resolve which offenses could qualify under Section 404 as a "covered offense." 961 F.3d at 189. Using these interpretive tools, we determined that the phrase "Federal criminal statute," and not the phrase "violation of a Federal criminal statute," was the antecedent of the limiting clause, "the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act." *Id.* at 189. As a result, we ultimately concluded that

Section 404 "delineate[d] its coverage by reference to a *category of statutory offenses* for which defendants might be sentenced, not the virtually infinite set of specific actions that might give rise to those sentences." *Id.* at 190 (emphasis added). In other words, "if the statutory penalties associated with a particular 'Federal criminal statute' were modified by Section 2 or 3 of the Fair Sentencing Act, then any defendant sentenced for violating that 'Federal criminal statute' ha[d] been sentenced for a 'covered offense,'" and would be eligible for relief under Section 404(b). *Id.* at 189–90. Thus, under *Johnson*'s categorical approach, convictions for statutory offenses involving crack cocaine associated with 21 U.S.C. §§ 841(b)(1)(A)(iii), 841(b)(1)(B)(iii), and 844—whose penalty provisions were modified by the Fair Sentencing Act—are "covered offenses" that trigger eligibility for a sentence reduction under the First Step Act. *Id*. at 185 n.2, 190–91.

More recently, in *Terry v. United States*, the Supreme Court addressed the statutory language in Section 404(a) in holding that offenses under 21 U.S.C. § 841(b)(1)(C), which do not trigger a mandatory minimum and whose statutory penalties were not modified by the Fair Sentencing Act, are not "covered offenses" that are eligible for a sentencing reduction under the First Step Act. 141 S. Ct. 1858, 1862–64 (2021). In reaching this decision, the Supreme Court did not adopt our

view expressed in *Johnson* that the "statutory penalties" limiting clause referenced only the phrase "Federal criminal statute"; rather, the Supreme Court held that "'statutory penalties' references the entire, integrated phrase 'a violation of a Federal criminal statute.'" *Terry*, 141 S. Ct. at 1862 (quoting Section 404(a)).

Notwithstanding this difference in interpreting the language of Section 404(a), the *Terry* Court also concluded, as we did in *Johnson*, that eligibility should be determined by utilizing a categorical approach based upon the statutory penalties for the offense of conviction, rather than the nature of the offense conduct in a particular case. Indeed, in rejecting the argument that the Fair Sentencing Act modified the statutory penalties for an offense under 21 U.S.C. § 841(b)(1)(C), the Supreme Court made clear (as we did in *Johnson*) that statutory penalties had changed for *all crack cocaine offenders* under 21 U.S.C. §§ 841(b)(1)(A)(iii) and 841(b)(1)(B)(iii). *Terry*, 141 S. Ct. at 1863 ("The statutory penalties . . . changed for *all* subparagraph (A) and (B) offenders." (emphasis added)). The rationale underlying that conclusion was that the Fair Sentencing Act changed the quantity thresholds for crack cocaine in 21 U.S.C. §§ 841(b)(1)(A)(iii) and 841(b)(1)(B)(iii), which effectively "modified" the statutory penalties associated with the drug-quantity element of a defendant's crack cocaine offense insofar as that offense

triggered the mandatory minimums in those provisions. *Terry*, 141 S. Ct. at 1862–63 (discussing the drug quantities under 21 U.S.C. §§ 841(b)(1)(A)(iii) and 841(b)(1)(B)(iii) as an element of the offense that had been "plainly 'modified'" by the Fair Sentencing Act (quoting Section 404(a))).

An application of *Terry*'s approach here supports the conclusion that Jordan's multi-object conspiracy offense (involving 50 or more grams of crack cocaine) is a "covered offense" under Section 404 because the statutory penalty associated with the drug-quantity element of the crack cocaine object under 21 U.S.C. § 846 was undoubtedly modified by Section 2 of the Fair Sentencing Act. *See* Fair Sentencing Act § 2, 124 Stat. at 2372. To explain, Jordan's conviction on the conspiracy count, as it related to the crack cocaine conspiracy object, included (as delineated in the superseding indictment) a violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)—the last of which provides the statutory penalties for his violation under 21 U.S.C. § 846—given the jury's finding that the conspiracy involved at least 50 grams of crack cocaine.

Section 2 of the Fair Sentencing Act increased the quantity threshold of crack cocaine set forth in 21 U.S.C. § 841(b)(1)(A)(iii) necessary to trigger the statutory penalties associated with the drug-quantity element of Jordan's crack cocaine

conspiracy object. Thus, Jordan was convicted under a conspiracy count for violating a statute whose penalty—set forth in 21 U.S.C. § 841(b)(1)(A)(iii)—was modified by the First Step Act. *See* Fair Sentencing Act § 2(a)(1), 124 Stat. at 2372 (amending 21 U.S.C. § 841(b)(1)(A)(iii)). That triggers the "covered offense" definition of the First Step Act, and the statutory text in Section 404 does not require for eligibility any further inquiry regarding any other statutory penalties implicated on that count due to the other objects of the multi-object conspiracy offense.[4] Thus, the fact that Count One also involved an object related to powder cocaine, whose statutory penalties were not modified, does not preclude the triggering of eligibility under the "covered offense" definition in Section 404. *See, e.g., Taylor*, 982 F.3d at 1300 ("[T]he 'statutory penalties for' a drug-trafficking offense include *all* the penalties triggered by every drug-quantity element of the offense, not just the highest tier of penalties by any one drug-quantity element."); *Winters*, 986 F.3d at 949 (concluding that "the straightforward, unforced interpretation of the statutory text is that if Section 2 or 3 of the Fair Sentencing

---

[4] Except, as explained in greater detail below, we do look to the statutes implicated by the other objects of a multi-object conspiracy offense in order to determine whether the statutory mandatory minimum sentences required on the other objects of the offense would preclude a sentence reduction under the First Step Act. *See United States v. Echeverry*, 978 F.3d 857, 859 (2d Cir. 2020).

18

Act modified the statutory penalties for at least one object of a multi-object conspiracy, 'the statutory penalties' for that conspiracy offense 'were modified by' the Fair Sentencing Act, and the conspiracy satisfies Section 404(a) of the First Step Act. This remains true regardless of whether the modified penalty supplies the mandatory minimum that is actually imposed. The 'statutory penalties' have to be considered modified when any statutory penalty for one of the offenses included in a count of conviction has been changed").

Put simply, under the text of the First Step Act, a multi-object conspiracy offense is a "covered offense" if either 21 U.S.C. § 841(b)(1)(A)(iii) or 841(b)(1)(B)(iii) was triggered by the drug-quantity element of an object of that conspiracy offense. Reaching a contrary conclusion—on the theory that a multi-object conspiracy offense like Jordan's also implicates the statutory penalties associated with a powder cocaine object, which were not modified by the Fair Sentencing Act—requires an extra-textual limitation to the plain language provided in Section 404. *See, e.g.*, *Gravatt*, 953 F.3d at 264 (reasoning that "nothing in the text of the [First Step] Act require[s] that a defendant be convicted of a *single* violation of a federal criminal statute whose penalties were modified by section 2 or section 3 of the Fair Sentencing Act," and that Congress did not include

language directing "the Act not to apply if a covered offense was combined with an offense that is *not* covered" (emphasis added)).

To be sure, a conspiracy to distribute multiple controlled substances is still a single offense, as to which a defendant will receive one sentence that covers the entire multi-object conspiracy. *See Braverman v. United States*, 317 U.S. 49, 54 (1942). However, that single offense contains, as separate elements, all the statutory penalties applicable to the particular controlled substances that are charged as separate objects in that one offense. *See generally United States v. Adams*, 448 F.3d 492, 500 (2d Cir. 2006) ("[W]e have held that a Section 846 conspiracy involving any of the enhancement-penalty provisions of Section 841(b)(1), includes the additional element of quantity." (citing *United States v. Thomas*, 274 F.3d 655, 663 (2d Cir. 2001))). Thus, if the statutory penalties for any one of those drug-quantity elements was modified by Section 2 of the Fair Sentencing Act, then the dual-object conspiracy becomes a "covered offense," even if the overall statutory sentencing range for the offense remains unchanged because of the statutory penalties associated with a drug-quantity element for a non-crack-related object of the conspiracy. *See Winters*, 986 F.3d at 948 ("In the case of a multi-object offense, the argument that eligibility requires that there be a change in the statutory range

20

resulting from considering all objects of the conspiracy is adding language to what Congress stated in simple terms."); *accord Spencer*, 998 F.3d at 846.

Other pre-*Terry* circuit decisions, utilizing the same statutory interpretation of Section 404(a) later employed by the Supreme Court in *Terry*, also concluded that the multi-object conspiracy offense at issue here is a "covered offense" under the First Step Act. For example, in *United States v. Jones*, the Eleventh Circuit disagreed with our approach in *Johnson* and, consistent with the Supreme Court's subsequent decision in *Terry*, held that "[t]he better reading" of Section 404(a) "is that the penalties clause modifies the whole phrase 'violation of a Federal criminal statute.'" 962 F.3d 1290, 1298 (11th Cir. 2020) (quoting Section 404(a)). Despite the differing statutory construction, the Eleventh Circuit reached the same result as we did in *Johnson*—namely, it adopted the categorical approach, holding that a "covered offense" "refers to the crack-cocaine offenses for which [21 U.S.C. §§ 841(b)(1)(A)(iii) and 841(b)(1)(B)(iii)] provide the [statutory] penalties." *Id.* at 1300; *see also id.* (explaining that the Eleventh Circuit's "interpretation [of Section 404(a)] leads to the same end result as the interpretation by [its] sister circuits," including the end result of our decision in *Johnson*).

In *Taylor*, the Eleventh Circuit, relying upon its statutory analysis in *Jones* to address the precise issue here involving a multi-object conspiracy, concluded that such a conspiracy involving a crack cocaine object with a drug-quantity element under 21 U.S.C. § 841(b)(1)(A)(iii) constituted a "covered offense" under the First Step Act, "even if the movant ultimately would be subject to the same statutory sentencing range as a consequence of another drug-quantity element of the offense." *Taylor*, 982 F.3d at 1301. More specifically, the court explained:

> [The movant's] offense was conspiring to possess with intent to distribute at least 5 kilograms of powder cocaine and at least 50 grams of crack cocaine. Before the Fair Sentencing Act, those drug quantities satisfied the drug-quantity elements in § 841(b)(1)(A)(ii) (powder cocaine) and (A)(iii) (crack cocaine), both of which triggered the highest tier of penalties, including a sentence of imprisonment for ten years to life. After the Fair Sentencing Act, the powder-cocaine element of the offense triggered the same ten-to-life penalty, but the crack-cocaine element triggered a different, lower category of penalties. [The movant's] offense was "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2" of the Fair Sentencing Act, and he committed his offense before the Fair Sentencing Act became effective. That means his offense is a covered offense. And the First Step Act gives a movant like [the one here] who was sentenced for a covered offense the opportunity to make his case for a reduction in his sentence.

*Id.*; *accord Spencer*, 998 F.3d at 845. As the reasoning in *Taylor* demonstrates, notwithstanding that we parsed Section 404(a)'s language in *Johnson* in a manner different from the Supreme Court in *Terry*, the categorical approach that we used

22

in *Johnson* and that the Supreme Court adopted in *Terry* is entirely consistent with our holding here.

The government initially contended that our decision in *United States v. Echeverry*, 978 F.3d 857 (2d Cir. 2020), supports its view that Jordan's multi-object conspiracy conviction is not eligible for a sentence reduction under Section 404. As the government now concedes, however, *Echeverry* is distinguishable on its facts and has no application here. Like Jordan, Echeverry was convicted on a conspiracy charge with multiple objects, including a crack cocaine object and two other non-crack cocaine objects (powder cocaine and heroin). *Id.* at 858–59. However, unlike the instant case, the district court originally sentenced Echeverry to the *mandatory minimum sentence* required by his two non-crack cocaine objects. *Id.* at 859.

Under these circumstances, we held that because "[t]he First Step Act permits a district court to reduce a sentence only to the extent that the sentence could have been lower if sections 2 and 3 of the Fair Sentencing Act were in effect at the time the covered offense was committed," Echeverry was "ineligible for First Step Act relief." *Id.* (alteration and internal quotation marks omitted); *accord Winters*, 986 F.3d at 951 ("A district court lacks authority to reduce a sentence that

23

is already at the statutory floor. Section 404(b) does not provide discretion for resentencing if the movant's current sentence is the statutory minimum penalty under the Fair Sentencing Act. A sentence shorter than the statutory minimum could not be imposed 'as if' the Fair Sentencing Act was in effect."); *Jones*, 962 F.3d at 1303 ("If the movant's sentence would have necessarily remained the same had the Fair Sentencing Act been in effect, then the district court lacks the authority to reduce the movant's sentence. Any reduction the district court would grant would not be 'as if' the Fair Sentencing Act had been in effect. That is, the First Step Act does not permit a reduction when the Fair Sentencing Act could not have benefitted the movant.").

As described above, the crucial distinction between *Echeverry* and our case is that, whereas Echeverry's sentence was already at the statutory mandatory minimum for his non-crack cocaine objects and his sentence could not be reduced regardless of the Fair Sentencing Act's modifications to crack cocaine penalties, Jordan's sentence, at 254 months' imprisonment, is 14 months above the statutory minimum for his non-crack cocaine object and can be reduced. Therefore, even under *Echeverry*, Jordan's overall sentence for his multi-object conspiracy offense is eligible for reduction under Section 404 because it "could have been lower if

24

sections 2 and 3 of the Fair Sentencing Act were in effect at the time the covered offense was committed." *Echeverry*, 978 F.3d at 859 (internal citations omitted).

We do recognize that in an unpublished decision, *United States v. Lott*, 830 F. App'x 365 (2d Cir. 2020), we held that a multi-object conspiracy based upon both a crack cocaine object and a powder cocaine object did not qualify as a "covered offense" as contemplated by Section 404. However, we are not bound by *Lott*, as it is an unpublished summary order, and we believe that *Lott* was incorrectly decided. *Accord Winters*, 986 F.3d at 950. Relying on our decision in *Echeverry*, we concluded in *Lott* that a *pro se* defendant was not eligible for a sentence reduction because he was "convicted of conspiring to distribute both [crack] cocaine . . . and powder cocaine," and thus "the penalties for his participation in a drug conspiracy were not modified by the Fair Sentencing Act." *Lott*, 830 F. App'x at 367. However, in relying on *Echeverry*, we did not expressly consider whether the defendant in *Lott* had received a sentence above the statutory mandatory minimum, and if his sentence could be reduced, as we did in *Echeverry*. As a result, to the extent *Lott* can be read to categorically exclude such multi-object conspiracies from Section 404 coverage, we decline to follow that holding and resolve any uncertainty with our decision today by concluding that multi-object

conspiracies, involving a crack cocaine object triggering the statutory penalties in 21 U.S.C. § 841(b)(1)(A)(iii) or § 841(b)(1)(B)(iii), categorically qualify as "covered offense[s]" under Section 404, as long as the sentence imposed on the conspiracy offense is not already at the statutory mandatory minimum and therefore ineligible for any reduction.

Before changing its position, the government warned that such a holding would "yield[] illogical results."  Gov't Br. at 13.  That argument was based on the view that it would be paradoxical that a defendant who was charged with and convicted of conspiracy involving only a powder cocaine offense would not be eligible for First Step Act relief, and yet a second defendant who was charged with and convicted of more—a conspiracy involving both a powder cocaine offense *and* a crack cocaine offense, would be eligible for a sentence reduction.  We disagree with such an argument.  Our approach, consistent with the statutory text, is logical and entirely consistent with Section 404's underlying purpose.

That argument fails to consider that, in enacting Section 404, Congress sought to further address the historical sentencing disparity between offenses involving crack cocaine and powder cocaine because it had come to view (in the Fair Sentencing Act) the statutory penalties for crack cocaine offenses as too severe,

26

particularly when compared to the statutory penalties for powder cocaine offenses. *See Dorsey v. United States*, 567 U.S. 260, 268–69 (2012). Therefore, in the First Step Act, Congress sought to provide district courts with the opportunity to retroactively reduce sentences associated with offenses involving crack cocaine that may have been unfairly impacted by this historical disparity. Given this purpose, there would be no reason at all under Section 404 to revisit a pre-Fair Sentencing Act sentence for a drug crime when the only controlled substance involved was one other than crack cocaine.

In contrast, Congress clearly intended to provide an opportunity for a sentence reduction in any case involving crack cocaine offenses triggering the penalty provisions in 21 U.S.C. § 841(b)(1)(A)(iii) or § 841(b)(1)(B)(iii) because of the possibility that the district court's pre-Fair Sentencing Act view of crack cocaine may have unfairly impacted its sentences on those offenses. There would have been no logical reason to exclude multi-object conspiracies containing a crack cocaine object, and other objects involving other controlled substances, from that broad remedial purpose. In other words, if a district court had imposed a sentence pre-Fair Sentencing Act for a multi-object conspiracy involving both a crack cocaine offense and a powder cocaine object implicating these penalty sections,

27

Congress undoubtedly wanted to allow the district court in its discretion to re-examine the sentence on that multi-object conspiracy count to determine whether it was impacted by the pre-Fair Sentencing Act view of the gravity of crack cocaine crimes in a manner that caused the overall sentence on that multi-object count to be excessively high.

By way of example, assume a district court judge had sentenced a defendant prior to the Fair Sentencing Act on a multi-object conspiracy involving exactly 50 grams of crack cocaine and exactly 5 kilograms of powder cocaine. Even after applying the reduced penalties after the Fair Sentencing Act for certain offenses involving crack cocaine, the mandatory minimum of 10 years' imprisonment and maximum of life on this multi-object conspiracy count would remain the same because of the unchanged penalties for offenses involving powder cocaine. Assume further that the district judge's decision, at the time of the original sentence, to impose a sentence above (even way above) the 10-year mandatory minimum, was driven entirely by her pre-Fair Sentencing Act view of the gravity of crack cocaine offenses and, but for that view, she would have otherwise imposed a sentence for the multi-object conspiracy count at the 10-year mandatory minimum. The district judge now realizes that her original sentence was unfair,

28

in that her treatment of the crack cocaine object was unwarranted and would reduce the defendant's sentence to the 10-year mandatory minimum if given the opportunity.

This is precisely the type of situation that Section 404 of the First Step Act was designed to address. The government had initially maintained that the district judge is prohibited from doing so because of the presence of the powder cocaine object within the multi-object conspiracy count, even though the conviction on that object was completely immaterial to the imposition of the higher sentence due to the crack cocaine object. That position (now abandoned by the government) is not only inconsistent with the categorial approach in *Johnson* and *Terry*, but is also contrary to the statutory purpose of Section 404.

We emphasize that we do not know in this particular case how Jordan's participation in the crack cocaine object played into the district court's overall sentencing decision on the multi-object conspiracy count. And, of course, the First Step Act does not "require a court to reduce any sentence pursuant to this section" in cases where it does not believe that the original sentence involving a defendant's crack cocaine offense warrants a reduction. First Step Act § 404(c), 132 Stat. at 5222. Instead, our holding on eligibility under the First Step Act simply affords the

29

district court the discretion to revisit a sentence on a multi-object conspiracy involving crack cocaine and reduce that sentence when it deems such a reduction appropriate in light of all applicable sentencing factors.

In sum, we hold that Jordan's entire multi-object conspiracy offense under 21 U.S.C §§ 846, 841(a)(1), and 841(b)(1)(A), based in part upon a crack cocaine object whose statutory penalties were modified by the Fair Sentencing Act, constitutes a "covered offense" within the meaning of Section 404(a), even though it contains a separate object for distribution of another controlled substance whose statutory penalties were not so modified. We therefore conclude that Jordan's 254-month sentence on his multi-object conspiracy conviction is eligible for a sentence reduction under Section 404(b) of the First Step Act.[5]

---

[5] The government also concedes that the offenses that formed the basis of the convictions on Count Two (possessing with intent to distribute 50 grams or more of crack cocaine) and Count Three (possessing in excess of 5 grams of crack cocaine) are "covered offenses" eligible for a sentence reduction under Section 404 of the First Step Act. *See* Gov't Br. at 14. The government further acknowledges that the district court only considered eligibility under Count One and did not address Counts Two and Three in its October 18, 2019 order. Accordingly, in addition to consenting to a remand on Count One, the government does not oppose remand to the district court on Counts Two and Three to allow the district court to determine, in its discretion, whether a sentence reduction pursuant to the First Step Act is appropriate on those counts. We agree, and thus, the district court shall consider Jordan's motion as to all three of these counts on remand.

## CONCLUSION

For the reasons stated, we **VACATE** the order of the district court and

**REMAND** the case for further proceedings consistent with this opinion.

GERARD E. LYNCH, *Circuit Judge*, concurring in the judgment:

The Court's opinion today reaches a sensible resolution of a statutory puzzle that is perhaps more complicated than the opinion suggests. I am not fully persuaded that the language of the First Step Act compels the result we reach today. Nevertheless, I concur in the judgment, because I have become convinced that the majority's conclusion, supported by the consensus of our sister circuits and now by the Justice Department as well, reflects both sound policy and the likely intent of the Congress that adopted the First Step Act and is not precluded by the language of that statute. Given the difficulty of applying the deceptively simple language of the First Step Act to the convoluted structure of the penalty provisions of the Controlled Substances Act, I conclude that we do better to adopt a broad reading of eligibility for relief under a statute that Congress intended to relieve a long-standing injustice.

As a matter of pure textual analysis, it has been my view that the government's prior submission had the better of the analysis, particularly after the Supreme Court's decision in *Terry v. United States*, 141 S.Ct. 1858 (2021). That analysis is relatively straightforward.

1

The First Step Act makes a defendant eligible to seek a discretionary modification of his sentence for a "covered offense," First Step Act § 404(b), 132 Stat. 5222, defined as a "violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010," *id.* § 404(a). The Supreme Court in *Terry* clarified that the "which" in the latter clause modifies "violation," rather than "statute." The question of Jordan's eligibility for sentencing relief thus turns on whether the "statutory penalties" for his "violation" were modified by the relevant sections of the Fair Sentencing Act, which moderate the infamously disproportionate penalties previously imposed for offenses involving cocaine base (in the vernacular, "crack").

What was the "violation" charged in the count at issue here? As the majority opinion acknowledges, it was a "dual object" conspiracy: Jordan was charged with violating 21 U.S.C. § 846 by conspiring to distribute specified quantities of both powder cocaine and crack – quantities of each drug that were independently sufficient to trigger "statutory penalties" of ten years (enhanced to twenty for Jordan by virtue of a prior narcotics conviction) to life.

Jordan was not convicted of "violating" (or more accurately, conspiring to violate) either § 841(b)(1)(A)(ii) (relating to powder cocaine, the penalties for

2

which were not affected by the Fair Sentencing Act), or § 841(b)(1)(A)(iii) (relating to crack, the penalties for which *were* reduced by that Act); he was convicted of *conspiring* to violate *both*. The majority contends that because Jordan was convicted of an offense that invoked § 841(b)(1)(A)(iii), which sets the penalties for distributing crack cocaine, the terms of the First Step Act apply.

But Jordan was convicted under the relevant count of a *single* crime – a conspiracy to violate both statutes by distributing both types of drug. Before the Fair Sentencing Act, what was the statutory penalty range for such a dual purpose conspiracy, where the jury specifically found that each object of the conspiracy had been proven beyond a reasonable doubt? It was a single penalty, dictated by the highest penalty made available by any of the controlled substances the distribution of which was an object of the conspiracy. The majority opinion acknowledges as much: The ten-year mandatory minimum term and the maximum possible sentence of life imprisonment, as set by the powder cocaine object, would govern the sentence, regardless of whether the jury found that the defendant conspired to distribute an amount of crack that would also trigger that maximum, or a lesser amount that would trigger only a statutory penalty between five and forty years in prison, or a quantity of crack so small that there would be no mandatory

3

sentence at all. Both before and after the Fair Sentencing Act, the "statutory penalty" for Jordan's violation of the narcotics conspiracy statute was at all times ten years to life in prison, without regard to the shifting penalties for violations of the same conspiracy law that involved only crack cocaine.

That analysis (actually, a slightly more complicated version of that analysis in light of this Circuit's pre-*Terry* construction of the grammar of the First Step Act) persuaded me to adopt the result in *United States v. Lott*, 830 F. App'x 365 (2d Cir. 2020), and it still seems to me the cleaner reading of the language of the First Step Act.

For several reasons, however, I am now persuaded that even if the analysis set forth above more closely follows the literal meaning of the statute, it is not the better reading. First, it is wise to reconsider one's views when those views are inconsistent with those of so many other judges who have considered the matter, and are no longer defended even by the prosecutors who previously sought the more rigid interpretation of the statute.

Second, Judge Bianco's careful analysis in the opinion, which comports with the reading of all of our sister circuits that have addressed the question, persuades me that, at a minimum, the language of the First Step Act is sufficiently susceptible

4

of a more generous reading to be characterized as ambiguous, and in such situations the rule of lenity counsels adopting the interpretation that favors liberty. *United States v. Plaza Health Lab'ys, Inc.*, 3 F.3d 643, 649 (2d Cir. 1993) (citing *Crandon v. United States*, 494 U.S. 152, 168 (1990)).

Third, the majority's interpretation likely reflects the intention of Congress. Of course, one could argue that if Congress in effect intended to make eligible for sentencing relief any defendant convicted of any offense involving crack cocaine, it could have said so simply and directly, rather than using the more technical language it adopted. But the Controlled Substances Act, with its convoluted nested penalty structure, makes cross-referencing difficult, and it is not apparent that Congress gave any specific consideration at all to the way in which its language would affect the somewhat arcane matter of dual-purpose narcotics conspiracies. In such circumstances, it is reasonable to adopt an interpretation that best furthers what we know to be Congress's dominant purpose in adopting both the Fair Sentencing Act and the First Step Act: to correct the excessive penalties adopted – perhaps understandably – at a time when the properties of a new form of drug not yet well understood appeared to create vastly greater harm than equivalent quantities of the same basic substance.

Finally, the risks involved in adopting the majority's interpretation are limited. Of course, Congress has the power to correct the courts' view of the statute if we misread its intention (and so far there has been no indication that anyone in Congress is unhappy with the interpretation that now has the support of every court of appeals to have construed the statute). Moreover, our ruling today affects only *eligibility* to apply for a sentence modification. If the sentencing court concludes that the sentence imposed on any particular defendant was and remains appropriate, notwithstanding our current understanding of the relative seriousness of crack as opposed to powder cocaine, the court may deny the motion in its discretion. The risks of erring in the other direction are more problematic: If we wrongly exclude defendants from eligibility who Congress intended to make eligible, we bar the district court from even considering whether its original sentence was over-influenced by now-discredited theories of the seriousness of crack.

For all of these reasons, I am now persuaded that the majority's more generous interpretation of the First Step Act is ultimately the better reading of the statute, and I concur in the judgment of the Court.