*United States v. Carter*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of November, two thousand twenty-one.

PRESENT:
> JOSEPH F. BIANCO,
> MICHAEL H. PARK,
> WILLIAM J. NARDINI,
> > *Circuit Judges*.

_____

United States of America,

> *Appellee*,

> v.                                                                      19-3578

Daniel Carter, AKA Sterling,

> *Defendant-Appellant*.

_____

FOR APPELLEE:                          Monica J. Richards, Assistant United States Attorney, *for* James P. Kennedy, United States Attorney for the Western District of New York, Buffalo, NY.

FOR DEFENDANT-APPELLANT:                Erin McCampbell Paris, Lipsitz Green Scime Cambria LLP, Buffalo, NY.

Appeal from an order of the United States District Court for the Western District of New York (Siragusa, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **VACATED** and the case is **REMANDED** for further proceedings consistent with this order.

Defendant-Appellant Daniel Carter appeals from the October 8, 2019 order of the United States District Court for the Western District of New York (Siragusa, *J.*), denying Carter's motion for a sentence reduction pursuant to Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222. We assume the parties' familiarity with the underlying facts and procedural history of this case, which we reference only as necessary to explain our decision to vacate the order of the district court and remand the case.

## I.     Procedural History

On April 5, 2007, a jury found Carter guilty of: (1) conspiracy to possess with intent to distribute and to distribute 5 kilograms or more of cocaine ("powder cocaine") and 50 grams or more of cocaine base ("crack cocaine"), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846; and (2) possession of a firearm in connection with a drug trafficking crime, in violation of 18 U.S.C. § 924(c). On December 21, 2007, the district court sentenced Carter to 360 months' imprisonment on the narcotics conspiracy charge and a 60-month term of imprisonment on the Section 924(c) charge to run consecutively, for a total term of 420 months' imprisonment.

Thereafter, Carter appealed to this Court and we vacated the district court's sentence, finding its conclusion that the consecutive 60-month term on the Section 924(c) charge was mandatory to be inconsistent with our holding in *United States v. Williams*, 558 F.3d 166 (2d Cir.

2009). However, prior to Carter's resentencing, the Supreme Court abrogated *Williams* in *Abbott v. United States*, 562 U.S. 8 (2010). In any event, on remand, the district court resentenced Carter to 300 months' imprisonment on the narcotics conspiracy charge and a consecutive 60-month term of imprisonment on the Section 924(c) charge, for a total term of 360 months' imprisonment.

On February 22, 2016, Carter filed a *pro se* motion for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) on the ground that Amendment 782 to the United States Sentencing Guidelines lowered the base offense level for his narcotics conspiracy charge. The district court granted Carter's motion in an April 27, 2016 order and reduced his term of imprisonment on the narcotics conspiracy charge from 300 months to 248 months, resulting in a new total sentence of 308 months' imprisonment (accounting for the consecutive 60-month term on the Section 924(c) charge).

On April 1, 2019, Carter filed a *pro se* motion for a sentence reduction under Section 404 of the First Step Act. The district court denied the motion, concluding that Carter was "not eligible for a reduction" because his narcotics conspiracy conviction "encompasse[d] both" powder cocaine and crack cocaine, and that "retroactively applying the Fair Sentencing Act of 2010 [did] not reduce the statutory penalties under [the narcotics conspiracy charge] because the defendant was also convicted of [conspiracy to possess with intent to distribute and to distribute powder cocaine], which carries a mandatory minimum penalty of 10 years to life." App'x at 82. Carter timely appealed.

II. **Discussion**

On appeal, Carter asserts that the district court erred in concluding that his multi-object narcotics conspiracy conviction, which was based upon both a crack cocaine object and a powder

cocaine object, was not a "covered offense" eligible for a sentencing reduction pursuant to Section 404 of the First Step Act of 2018, 132 Stat. at 5222.    We agree.

Because it "premised its decision entirely on statutory interpretation," rather than an exercise of its discretion, we review *de novo* the district court's order denying Carter's motion for a sentence reduction.    *United States v. Holloway*, 956 F.3d 660, 664 (2d Cir. 2020); *accord United States v. Davis*, 961 F.3d 181, 186 (2d Cir. 2020).

When faced with a motion for a sentence reduction pursuant to Section 404 of the First Step Act, a district court must proceed in two steps:    "First, the court must determine whether the defendant is eligible for a reduction.    Second, if the defendant is eligible, the court must determine whether, and to what extent, to exercise its discretion to reduce the sentence."    *United States v. Moore*, 975 F.3d 84, 89 (2d Cir. 2020).    This appeal implicates only the first of these steps— eligibility for reduction—which turns on whether the sentence at issue was imposed "for a covered offense."    First Step Act § 404(b), 132 Stat. at 5222 (defining "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010").

This Court has recently held—unambiguously—that "a sentence arising from a multi-object conspiracy conviction involving a crack cocaine object, with a statutory penalty provision under 21 U.S.C. § 841(b)(1)(A)(iii) or 21 U.S.C. § 841(b)(1)(B)(iii), *is a 'covered offense' under Section 404 that is eligible for a sentencing reduction*, even when the other objects of the conspiracy (involving different controlled substances) triggered statutory penalties that were not modified and thus the applicable minimum and maximum penalties for the conspiracy offense

4

remain unchanged." *United States v. Reed*, 7 F.4th 105, 110 (2d Cir. 2021) (emphasis added). In fact, contrary to its position before the district court, the government concedes on appeal that Carter is eligible for a sentencing reduction under Section 404 because his narcotics conspiracy conviction, involving a crack cocaine object, is a covered offense. Although it did not have the benefit of our decision in *Reed* when it rendered its decision in this case, the district court legally erred in holding otherwise. Accordingly, because Carter is eligible for a sentencing reduction on his narcotics conspiracy conviction under Section 404 of the First Step Act, we vacate the district court's order denying Carter's motion.[1]

*     *     *

For the reasons set forth above, we **VACATE** the order of the district court and **REMAND** the case for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Having concluded that Carter is eligible for a sentencing reduction, we express no view as to "whether, and to what extent, [the district court should] exercise its discretion to reduce [Carter's] sentence." *Moore*, 975 F.3d at 89.