**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 20-3350 and 20-3351
_____

UNITED STATES OF AMERICA


v.


ALLEN RESTO
a/k/a "Tito Allen",
Appellant in 20-3350

LORENZO HARDWICK
a/k/a "Fu Quan",
Appellant in 20-3351


_____


On Appeal from the United States
District Court for District of New Jersey
(Crim No. 1-02-cr-00684-003 and 005)
District Judge: Honorable Robert B. Kugler
_____


Submitted Under Third Circuit L.A.R. 34.1(a)
October 25, 2021
_____


Before:  GREENAWAY, JR., PHIPPS, and COWEN, *Circuit Judges*,

(Opinion Filed: November 23, 2021)

_____

OPINION*
_____

GREENAWAY, JR., *Circuit Judge*.

Appellants Allen Resto and Lorenzo Hardwick challenge the District Court's order

denying their respective motions for a reduction of sentence under § 404 of the First Step

Act of 2018 ("First Step Act"). Pub. L. No. 115-391, 132 Stat. 5194 (2018). For the

foregoing reasons, we will affirm.

## I.    BACKGROUND

Resto and Hardwick were convicted of federal offenses related to their

participation in a gang that distributed controlled substances in Camden, New Jersey.

Specifically, they were convicted of a dual-object conspiracy to distribute and possess

with the intent to distribute 50 grams or more of crack cocaine and one kilogram or more

of heroin.

Hardwick was initially sentenced to life imprisonment plus 360 months. He

appealed his judgment of conviction. We affirmed in relevant part but remanded for

resentencing after the government conceded that all but one of the § 942(c) convictions

should be vacated pursuant to a Department of Justice policy that required each § 942(c)

charge to be supported by a separate predicate offense. The District Court resentenced

Hardwick to life imprisonment plus 60 months. Subsequently, Hardwick moved for a

_____

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

2

reduction in sentence under Section 404 of the First Step Act. The District Court denied the motion, and Hardwick again appealed. We vacated the judgment of conviction, concluding that the District Court had failed to conduct a sufficiently thorough analysis of the § 3553(a) factors.

As to Resto, the District Court sentenced him to life imprisonment plus 1,020 months. Similar to Hardwick, Resto appealed the judgment of conviction. We affirmed but remanded for resentencing after the government conceded, as with Hardwick, that all but one of his § 942(c) convictions should be vacated. Upon resentencing, Resto received life imprisonment plus 120 months. Resto then moved for a reduction in his sentence under Section 404 of the First Step Act. The District Court denied the motion. Following our February 20, 2020 decision in Hardwick's case, Resto moved for reconsideration.

On November 6, 2020, the District Court held a consolidated sentencing hearing to determine whether Hardwick and Resto should receive reduced sentences. The District Court first found that both Hardwick and Resto were eligible for relief under the First Step Act. Next, the District Court considered the § 3553(a) factors. Although the District Court acknowledged that Hardwick and Resto had made commendable rehabilitation efforts while incarcerated, their involvement in violent crimes was indeed troubling. Ultimately, the District Court determined that neither defendant had sufficient remorse regarding their criminal conduct. As such, the District Court denied Hardwick's and Resto's motions for sentence reductions. Neither defendant objected to the District Court's rulings. This appeal followed.

3

## II.        JURISDICTION AND STANDARD OF REVIEW

The District Court had jurisdiction under 18 U.S.C. §§ 3231 and 3582(c)(1)(B). We have jurisdiction under 28 U.S.C. § 1291.  Generally, we review a denial of a request for sentencing modification under the First Step Act for abuse of discretion.  *See United States v. Easter*, 975 F.3d 318, 322 (3d Cir. 2020).  However, where, as here, there is an unpreserved procedural challenge to a sentence, we review the denial for plain error.  *See United States v. Flores-Mejia*, 759 F.3d 253, 255 (3d Cir. 2014) (en banc); *see also United States v. Barber*, 966 F.3d 435, 437 (6th Cir. 2020) (reviewing for plain error the defendant's unpreserved objection to the district court's determination that he was ineligible for a sentence reduction under the First Step Act).

## III.       DISCUSSION

As we noted in our opinion vacating the District Court's denial of Hardwick's sentence reduction, the Fair Sentencing Act of 2010 increased the quantity of crack cocaine required to trigger mandatory-minimum sentences.  Pub. L. No. 111-220, 124 Stat. 2372 (2010).  With the passage of the First Step Act, defendants who were sentenced under a statute amended by the Fair Sentencing Act are permitted to seek sentencing reductions.  Though "[a] district court may reduce a sentence . . . [it] is not required to do so."  *See United States v. Jackson*, 964 F.3d 197, 201 (3d Cir. 2020) (citations omitted).  In analyzing whether a reduction in sentence is appropriate, a district court must first determine that the defendant committed a "covered offense" pursuant to Section 404.  § 404(b), 132 Stat. at 5222; *see also Jackson*, 964 F.3d at 200-01.  Next,

4

"the district court must consider all of the § 3553(a) factors to the extent they are applicable." *Easter*, 975 F.3d at 326.

On appeal, Hardwick and Resto primarily challenge two aspects of the District Court's denial. First, they argue that the District Court failed to consider the need to avoid unwarranted sentencing disparities between them and other defendants who received reduced sentences for the same conduct in other cases. *See* Appellants' Br. at 21-24. Second, they assert, on the one hand that, the District Court accorded too much weight to the nature of their conduct and their "apparent" lack of remorse and, on the other hand, inadequate weight to their post-sentencing rehabilitation. *See id.* at 24-30. Both arguments fail.

As a preliminary matter, the District Court found that both Hardwick and Resto were eligible for sentence reductions. We have yet to determine whether dual object conspiracies constitute "covered offenses" under the First Step Act, and we decline to decide this issue in the first instance in this case.[1]

Assuming Hardwick and Resto were eligible for sentence reductions, the District Court did not plainly err in declining to exercise its discretion.[2] As we have previously held,

---

[1] We note that several of our sister courts have held that such offenses are eligible. *See e.g.*, *United States v. Reed*, 7 F.4th 105, 110–11 (2d Cir. 2021); *United States v. Winters*, 986 F.3d 942, 950 (5th Cir. 2021); *United States v. Hudson*, 967 F.3d 605, 610-11 (7th Cir. 2020); *United States v. Gravatt*, 953 F.3d 258, 264 (4th Cir. 2020).

[2] Even if, as Hardwick and Resto suggest, we were to analyze the District Court's decision for abuse of discretion, we would reach the same conclusion. As we conclude, the District Court adequately addressed all of the § 3553(a) factors on the record.

a district court need simply acknowledge it has considered the § 3553(a) factors to the extent that they are applicable. . . . Accordingly, our review is for whether the particular circumstances of the case have been given meaningful consideration within the parameters of § 3553(a) and to ensure that where, as here, § 3553(a) arguments were raised, the district court addressed them beyond providing more than a rote recitation of the § 3553(a) factors.

*Easter*, 975 F.3d at 326–27 (internal quotations and citations omitted).

When considering the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," § 3553(a)(6), we have "concluded that Congress's primary goal in enacting § 3553(a)(6) was to promote national uniformity in sentencing rather than uniformity among co-defendants in the same case." *United States v. Parker*, 462 F.3d 273, 277 (3d Cir. 2006) (citing *United States v. Seligsohn*, 981 F.2d 1418, 1428 (3d Cir. 1992)). In this case, the District Court explicitly inquired about some of the comparator cases that Hardwick and Resto raised in support of their disparity arguments. The District Court then distinguished these cases from Hardwick's and Resto's, noting that the defendants in the comparator cases were not personally involved with murders.[3] Thus, the District Court later found that avoiding unwarranted disparities was not an applicable issue in this case. Given that the District Court explicitly engaged with Hardwick and Resto's comparator

---

[3] In a footnote in their reply brief, Appellants' Rpl. at 3, Hardwick and Resto argue the District Court's analysis of *United States v. Anderson*, was incorrect because Anderson was personally involved in the murder; specifically, he was present and he disposed of the murder weapon. 2019 WL 4440088, at *4 (D.S.C. Sept. 17, 2019). Though this is true, *Anderson* is nevertheless distinguishable as Hardwick played a more active role in the murder at issue in his case.

6

cases,[4] it cannot be said that the District Court did not meaningfully consider § 3553(a)(6). The District Court did not commit plain error.

In addition, the District Court did not plainly err in weighing the remaining § 3553(a) factors. Indeed, it adequately stated on the record why it declined to reduce Hardwick's and Resto's sentences, highlighting their involvement in violent offenses and their criminal history. The District Court also stated that it had read Hardwick's and Resto's letters and was troubled that neither mentioned their involvement in murder(s) nor the devastation that their conduct caused to the victims' families. Hence, the District Court found that neither Hardwick nor Resto were sincerely remorseful for their conduct.

Contrary to Hardwick's and Resto's position, the District Court also adequately addressed their post-offense rehabilitation, describing Hardwick as "do[ing] very well while incarcerated," and Resto as "do[ing] some very . . . positive things during incarceration." The District Court appropriately determined that other factors outweighed consideration of rehabilitation. Clearly, rehabilitation played a role in the District Court's decision, nothing more is required.

## IV.  CONCLUSION

For the foregoing reasons, we will affirm the District Court's denial of Appellants' motions for sentence reductions.

---

[4] It is worth noting that during the hearing, Hardwick and Resto briefly identified the remaining comparator cases that they allege the District Court ignored. The fact that the District Court chose not to inquire further about these cases does not mean that they were not meaningfully considered.