[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-13388

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JAMIE WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:97-cr-00061-SCB-AAS-1

_____

Before NEWSOM, LUCK, and TJOFLAT, Circuit Judges.

PER CURIAM:

In 1997, a jury convicted Jamie Williams of possession with intent to distribute cocaine base and marijuana. Neither the indictment nor the jury instructions included specific quantities of cocaine. The sentencing judge adopted the pre-sentencing report's attribution of 982.9 grams of cocaine to Williams. Because of his two prior convictions, anything more than 50 grams triggered mandatory life imprisonment.

In 2019, Williams moved for a reduced sentence under the First Step Act. Pub. L. No. 115-391 § 404 (2018). Williams's eligibility for relief turns on which drug quantity and prior-felony definition are used to determine his new statutory sentencing range. Because the district court correctly held that its earlier judge-found drug quantity and the 1997 definition of prior felonies apply, we affirm.

I

When Williams filed his First Step Act motion in 2019, our Circuit had not decided how to treat judge-found drug quantities. But while his motion was pending, we decided *United States v. Jones*, in which we held that district courts are "bound by a previous finding of drug quantity that could have been used to determine the movant's statutory penalty at the time of sentencing." 962 F.3d 1290, 1303 (11th Cir. 2020). The district court relied on

*Jones* to use Williams's judge-found drug quantity. Williams appealed, arguing that *Jones* was wrongly decided.

Litigation in *Jones* continued—giving Williams a prospect of success. The *Jones* opinion consolidated four defendants' cases; one of the other defendants—Warren Jackson—sought rehearing en banc, which we denied. *United States v. Jackson*, 995 F.3d 1308, 1309 (11th Cir. 2021). Jackson sought certiorari, which the Supreme Court granted—vacating the judgment and remanding the case in light of the intervening decision in *Concepcion v. United States*, 142 S. Ct. 2389 (2022). But on remand, the panel reinstated its prior opinion. *United States v. Jackson*, 58 F.4th 1331, 2023 WL 1501638, at ⋆1 (11th Cir. 2023).

The upshot: *Jones*'s holding that a "district court is bound by a previous finding of drug quantity that could have been used to determine the movant's statutory penalty at the time of sentencing" remains good law. *Id.* at ⋆3 (citing *Jones*, 962 F.3d at 1303). The district court correctly used Williams's judge-found drug quantity.

## II

Williams also seeks the benefit of a different section of the First Step Act which *prospectively* redefined which prior felony offenses trigger heightened statutory penalties. Pub. L. No. 115-391 § 401 (2018). But Williams concedes that the statute does not apply retroactively to him. *See id.* § 404(c).

Instead, Williams argues that a district court can apply current law—rather than the law applicable at the time of sentencing—when calculating his revised sentencing range. This misreads the First Step Act and is foreclosed by both *Jones* and *Concepcion.*

The First Step Act allows—in certain circumstances—a district court to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." First Step Act § 404(b). The text focuses on the law in effect at the time of the offense. That's why—again in *Jones*—we held that "[i]f the movant's sentence would have necessarily remained the same had the Fair Sentencing Act been in effect, then the district court lacks the authority to reduce the movant's sentence." *Jones*, 962 F.3d at 1303.

*Concepcion* does not change that conclusion. First, as we observed when reinstating the *Jones* opinion, *Concepcion* "addressed an issue that arises only after . . . the . . . statutory penalties have been established: which factors the district court may consider in deciding an appropriate sentence." *Jackson*, 58 F.4th 1331, 2023 WL 1501638, at *4. Second, *Concepcion* explicitly forbids changing the guidelines range for any reason other than the retroactive application of the Fair Sentencing Act. 142 S. Ct. at 2402 n.6. The statutory sentencing range operates the same as the guidelines range in this respect.

We therefore reiterate the conclusion from *Jones* that district courts do not have authority to apply current law to calculate the applicable statutory sentencing range under the First Step Act.

20-13388                Opinion of the Court                    5

The district court correctly used the prior-felony definition from Williams's original sentencing.

## III

Because the district court properly determined the statutory sentencing range that would apply to Williams's First Step Act motion, we affirm.

**AFFIRMED.**[1]

---

[1] This case was originally scheduled for oral argument, but under 11th Cir. R. 34–3(f) it was removed from the oral argument calendar by unanimous consent of the panel.